UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISHAN CREDITS, LIMITED, | : | CIVIL ACTION NO. |
| Petitioner, | : | |
| | : | 3:03CV-0705 (RNC) |
| v. | : | |
| ESPN, INC., | : | |
| | : | November 7, 2003 |
| Respondent. | : | |

## ESPN INC.'S OPPOSITION TO MOTION TO REMOVE STAY AND ENFORCE FOREIGN ARBITRAL AWARD OF APRIL 3, 2002

Recognizing that ESPN's "asserted grounds for setting aside the ex parte award . . . should be reviewed on the merits by a court in India," *see* Court Endorsement (May 20, 2003), this Court stayed the present case pending the resolution of parallel proceedings in India. This Court's decision to stay was based on a number of factors, including (1) that the outcome of the Indian proceedings may render this case moot, and (2) that under Indian law, the ex parte arbitration award cannot be enforced until ESPN's objections to the award have been resolved in India.

ICL now moves to lift the stay, arguing that because the lower court in India dismissed ESPN's application to vacate the award, the proceedings in India have now been "completed." ICL Mot. ¶ 9. ICL is mistaken, and, for at least two reasons, its motion to lift the stay should be denied.

*First*, the proceedings in India are still ongoing. Within days of the Indian court's ruling, ESPN filed an appeal. On October 16, 2003, the appellate court stayed "the operation of the

[lower court's] order" pending the appeal. *See* Order, High Court of Punjab and Haryana (Oct. 16, 2003) (Ex. A). ESPN's appeal is scheduled to be heard on January 22, 2004. *Id.*[1]

As a result, the rationale underpinning this Court's decision to stay enforcement proceedings here in the United States still remains. If ESPN's appeal is successful and the ex parte award is set aside, this case will be rendered moot. In addition, the appellate court in India has held that the lower court's order can have ***no effect*** until ESPN's appeal is decided; therefore, under Indian law, ICL still cannot enforce this award until ESPN's objections have been resolved. *Dakhani v. Hatti Gold Mines Co.*, No. 2232 (India Supreme Court, Mar. 27, 2000) (holding that a court should not enforce an award until an application to set aside the award has been resolved). For this reason alone, ICL's motion to lift the stay should be denied.

*Second*, ESPN believes that it will prevail on its appeal in India. The lower court did not address the merits of ESPN's application to vacate the ex parte award. Instead, ignoring the stay entered by this Court, the Indian court reasoned that the proceedings in the United States are essentially identical to those in India, and the parties' underlying dispute would be and should be resolved by this Court. *See* Order, Court of Tejwinder Singh ¶ 8 (Oct. 7, 2003). This reasoning, however, reflects a misunderstanding of (1) the difference between the proceedings in India and the United States, and (2) why ESPN is entitled to have the merits of its application to vacate the award decided by the Indian court.

ESPN seeks to have the ex parte arbitration award ***vacated in India*** so that ICL will be unable to enforce the award in the United States, or in any other country that is a signatory to the

---

[1]   In its motion, ICL mischaracterizes the Indian court's decision. ICL implies that the court found that ESPN "has filed the objection application . . . only to delay the proceedings . . ." ICL, Mot. ¶ 7. The court did not conclude any such thing. This portion of the court's order cited by ICL's motion, in fact, is simply summarizing the arguments *made by ICL*. *See* Order, Court of Tejwinder Singh ¶ 2 (Oct. 7, 2003) (noting how this portion describes the "facts of ICL's application . . .").

Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *See* New York Convention § V(e) (stating how a court must not enforce a foreign arbitration award if it has "been set aside . . . by a competent authority of the country in which . . . that award was made"). The proceedings here, however, are fundamentally different than those in India. Unlike the Indian courts, this Court does not have the authority to vacate or set aside the arbitration award. *See International Standard Elec. Corp. v. Bridas Socieda*, 745 F. Supp. 172, 175-78 (S.D.N.Y. 1990) (citing domestic and international support for the proposition that only the country where the arbitration took place can vacate the arbitration award). This Court can only refuse to enforce the award. But such an outcome would not result in the underlying award being set aside, nor would it prevent ICL from seeking to enforce the award in some other country that is a signatory to the New York Convention. Because only the Indian courts are authorized to vacate the award, ESPN has a right to have the Indian courts address the merits of its motion to vacate. ESPN remains confident that the appellate court in India will agree.[2]

---

[2] The order by the Indian lower court contains other legal errors. For example, the Indian court stated that ESPN should raise the same objections contained in its application to vacate before this Court. *See* Order, Court of Tejwinder Singh ¶ 8 (Oct. 7, 2003). The Indian court, however, failed to realize that ESPN's defenses to enforcement in the United States are distinct from, and are not identical to, its grounds for vacating in India. In the United States proceedings, this Court can only refuse to enforce the arbitration award for one of the enumerated grounds listed in the New York Convention. *See* New York Convention § V. In India, however, the courts may vacate the award for additional reasons, including, for example, if the arbitrator clearly misapplied Indian law. *See Oil & Gas Natural Gas Corp. v. SAW Pipes, Ltd.*, No. 7419 (India Supreme Court, Apr. 17, 2003).

For the foregoing reasons, ESPN respectfully requests that this Court deny ICL's motion to lift the stay.[3]

Respectfully submitted,

DEFENDANT ESPN, INC.

By: _____

James Bicks (ct 04729)
Daniel Kalish (ct 24350)
Wiggin & Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508-1832
(203) 498-4400 telephone
(203) 782-2889 facsimile
jbicks@wiggin.com
dkalish@wiggin.com

---

[3] In its motion, ICL asks this Court to remove the stay and "execute the arbitral award pursuant to 9 U.S.C. § 201." ICL, Mot. at 3. This requested relief is clearly inappropriate and premature. ESPN has filed an answer to ICL's complaint in which it asserts a number of affirmative defenses to enforcement. These defenses include: (1) ESPN never received notice of the arbitration proceedings; (2) the composition of the arbitral authority was not in accordance with the agreement of the parties; (3) the award is not yet binding on the parties; and (4) the award violated public policy. Thus, even *if* this Court were to lift the stay, discovery related to these defenses would be necessary before this Court could hear and determine whether to enforce the ex parte award.

4

## CERTIFICATION OF SERVICE

This is to certify that on this 7th day of November, 2003 a copy of the foregoing was mailed, first class, postage prepaid, to the following:

Bradford J. Sullivan, Esq.
William P. Antonoff, Esq.
Gibson & Behman, P.C.
71 Bradley Road, Suite 11
Madison, CT 06443

Scott R. Behman, Esq.
Sharmili P. Das, Esq.
Gibson & Behman, P.C.
One Mountain Rd.
Burlington, MA 01803

_____
Daniel Kalish

\88888888\1135\430994.2

# EXHIBIT A

F.A.O. No. 4210 of 2003.
-----

Present:- Mr.M.L.Sarin, Sr.Advocate with
Mr.N.Ganpathy and Mr.Rohit Khanna, Advocates,
for the petitioner.
----

Contends inter-alia that the award in question has been wrongly considered by the learned Additional District Judge, Chandigarh, as a foreign award whereas in fact it is a domestic award.

Notice of motion for 22.1.2004.

Notice re; stay also. In the meanwhile, operation of the order dated 7.10.2003 is stayed.

Sd/- KIRAN ANAND LALL
16.10.2003.                                   (JUDGE)
vs

TRUE COPY