## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISHAN CREDITS, LIMITED, | : | CIVIL ACTION NO. |
| | : | |
| Petitioner, | : | |
| | : | 3:03CV-0705 (RNC) |
| v. | : | |
| | : | |
| ESPN, INC., | : | |
| | : | November 21, 2003 |
| | : | |
| | : | |
| Respondent. | : | |

## ESPN INC.'S FIRST STATUS REPORT CONCERNING THE PROGRESS OF THE PROCEEDINGS IN INDIA

ESPN, Inc. ("ESPN") submits its first status report pursuant to this Court's order dated August 25, 2003. *See* Endorsement (Aug. 25, 2003).

1.     On October 7, 2003, the Indian lower court, the Court of Tejwinder Singh, granted Ishan Credits Limited's ("ICL") motion to dismiss ESPN's application to set aside the ex parte arbitration award. The Indian court reasoned that the proceedings in the United States are essentially identical to those in India, and that the parties' underlying dispute would be and should be resolved by this Court. *See* Order, Court of Tejwinder Singh (Oct. 7. 2003) (Ex. A).

2.     Within days of the Indian court's ruling, ESPN filed an appeal to the High Court of Punjab and Haryana. The grounds for ESPN's appeal are several, including (1) ESPN has a right to have the ex parte arbitration award vacated *in India* so that ICL will be unable to enforce the award in the United States, or in any other country that is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; and (2) ESPN's defenses to

enforcement in the United States are distinct from, and not identical to, its grounds for vacating in India.

      3.      On October 16, 2003, the appellate court in India stayed "the operation of the [lower court's] order" pending the appeal. *See* Order, High Court of Punjab and Haryana (Oct. 16, 2003) (Ex. B). The appellate court has scheduled a hearing date of January 22, 2004 to consider the appeal. *See* Order, High Court of Punjab and Haryana (Oct. 16, 2003) (Ex. B).

      4.      On October 17, 2003, ICL filed in this Court a motion to lift the stay. On November 7, 2003, ESPN opposed this motion for primarily three reasons. First, the proceedings in India are still ongoing, and the outcome of those proceedings could render this case moot. Second, since the appellate court in India has already held that the lower court's order can have no effect pending the appeal, under Indian law, ICL cannot enforce this award until ESPN's objections have been resolved. And third, for the reasons discussed above, ESPN believes it will prevail on its appeal, which is scheduled to be heard in roughly two months.

Respectfully submitted,

DEFENDANT ESPN, INC.

By: _____

James Bicks (ct 04729)
Daniel Kalish (ct 24350)
Wiggin & Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508-1832
(203) 498-4400 telephone
(203) 782-2889 facsimile
jbicks@wiggin.com
dkalish@wiggin.com

2

## CERTIFICATION OF SERVICE

This is to certify that on this 21st day of November, 2003 a copy of the foregoing was

mailed, first class, postage prepaid, to the following:

Bradford J. Sullivan, Esq.
William P. Antonoff, Esq.
Gibson & Behman, P.C.
71 Bradley Road, Suite 11
Madison, CT 06443

Scott R. Behman, Esq.
Sharmili P. Das, Esq.
Gibson & Behman, P.C.
One Mountain Rd.
Burlington, MA 01803

_____
Daniel Kalish

\8764\71\79980.1



A

IN THE COURT OF SHRI INTWINDER SINGH, ADDITIONAL DISTRICT JUDGE CHANDIGARH.

IN ARBITRATION CASE NO:-13 of 24.7.2002. DATE OF ORDER:-7.10.2003.

M/s. ESPN, Inc., ESPN Plaza, Bristol, Connecticut 06010-745 United States of America.

.....Applicant.

Versus

M/s. Ishan Credits Ltd., SCF No. 18, Sector 9-D, Chandigarh.

.....Respondent.

Application for dismissal of objection application filed by ESPN U/S. 34 of Arbitration Act.

Present:- Mr. N.K. Nanda Adv. counsel for applicant-respondent.

Mr. Rohit Khanna counsel for respondent-applicant.

O R D E R:-

This order of mine will dispose of an application filed on behalf of M/s. Ishan Credits Ltd. whereby a prayer has been made for dismissal of objection application filed by M/s. ESPN.

2. Brief facts of the application are that ESPN has filed objections against the Award/Decree dated 3.4.2002. The applicant-respondent has got final decree/ award which is binding on both the parties and the warrant of the attachment of properties had also been issued by the Court of Shri J.S. Klar, Addl. District Judge, Chandigarh and the same has been transferred to the superior Court of Connecticut, U.S.A. for its execution as the properties to be attached are situated in U.S.A. The ESPN had already filed their reply before



ATTESTED

JW Steno Copier to
Addl. District & Sessions Judge-
cum-M.A.C.T. Chandigarh.

7/10/2003

6

=2=

the concerned Court at USA and proceedings for the final
execution of the decree/warrant of attachment of properties
are pending there. The ESPN only to delay the proceedings
has filed the objection application declining the
application for the enforcement of execution proceedings
which are already going in USA Court. The present
proceedings are only resulting in multiplicity of the
litigation as the final arbitration award alongwith the
warrant of attachment of properties which had already been
given by the Court, should be executed where the properties
are situated. As per the arbitration Act, 1996 for
enforcement of foreign award, there is no need to take
separate proceedings. In one proceeding the Court
enforcing foreign award can deal with the entire matter.

3.      The ESPN( Respondent) contested the application
tooth and nail by filing reply to this application.
Controverting the averments of the applicant-respondent,
it is inter-alia pleaded that the Court by its order dated
May 21,2003 has held that "since the application under
Section 34 qua the above-mentioned order was filed on
20.5.2002, therefore, in view of Section 36 of the
Arbitration Act, before the enforcement, objections are to
be decided". The respondent herein has not filed any
appeal against the said order dated May 21,2003 and the
said order is final and binding on the parties before this
Court. The respondent ESPN has not adopted any delaying
tactics. Infact, respondent filed its application under
Section 34 well within the period of limitation prescribed
under the Arbitration and Conciliation Act, 1996. It is the

ATTESTED

JW Stenographer to
Addl. District & Sessions Judge
cum-M.A.C.T Chandigarh.

=3=

applicant herein who has evaded service and sought transfer of the award despite being aware of the pendency of the proceedings under Section 34 before this Court. The question of execution of the award can only arise once this Court adjudicates upon the Section 34 application filed by the respondent herein. The US Court by its order dated August 25,2003 has stayed the enforcement proceedings filed by Ishan Credits Ltd.

4.    I have heard learned counsel for the parties and have perused the record.

5.    In the present case, the award was passed on 3rd of April,2002 by Shri H.L. Randev, District & Sessions Judge (Retired) the sole arbitrator. The said award was passed ex parte against M/s ESPN. Since as per Arbitration Act, 1996, there was no need to make the same to be the rule of the Court, therefore, treating the same to be a decree, Shri J.S. Klar, Addl. District Judge, Chandigarh transferred the execution file filed by M/s Ishal Credits to America as all the properties of the judgment debtor was in America and no property was owned by E.S.P.N. in India. Vide order dated 21.1.2003, Shri J.S. Klar, Addl. District Judge, Chandigarh in view of the affidavit filed by the Decree Holder to the effect that Judgment Debtor has no property within the territorial jurisdiction of the said Court ordered the decree to be transferred to America by giving Non Satisfaction Certificate und

ATTESTED

Addl. District & Sessions Judge cum-M.A.C.T. Chandigarh.

=4=

the Rules. It was further ordered that copy of the
Order be sent to the Superior Court of Connecticut,
America with a copy of decree and of any order which may
have been made for the execution of the same.

6. As per applicant, the said award was sent
through proper channel. First of all, the same was
certified by the Deputy Commissioner, Chandigarh and then
the same was forwarded to Ministry of External Affairs,
Govt of India, who finally notified the award and
forwarded the same to the superior courts connecticut
America for enforcement. As per applicant, he fulfilled
all the conditions as inshrined in Section 48 of the
Arbitration Act for enforcement of foreign award.

7. Learned counsel for applicant has relied upon
an authority titled as Fuerst Day Lawson Ltd. Vs. Jindal
Exports Ltd. (2001) 6 SCC 356 wherein it has been held that
for enforcement of a foreign award, there is no need to
take separate proceedings. In one proceeding the Court
enforcing a foreign award can deal with the entire matter.

8. A perusal of the case file shows that on
receipt of enforcement proceedings the ESPN submitted
their reply with the Court Connecticut America with all
relevant objections. A request was also made the Court
in America for staying the proceedings. A copy of the
representation made before the District Court of
Connecticut America shows that ESPN had claimed stay
on the ground till the pendency of the outcome of
parallel proceedings currently on going in India. All
this goes to show that M/s ESPN has taken relevant

ATTESTED

Steno...........to
Addl. District & Sessions Judge
cum-M.A.C.T Chandigarh.

=5=

objections in the Court of Connecticut in America where execution proceedings are pending and in this Court. The record on the file shows that application for execution of award dated 3.4.2002 was filed on 16.4.2002 in the Court of Shri J.S. Klar. Lateron, the present objection petition was filed on 21.5.2002, which was entrusted to the predecessor officer of this Court. Since the application for execution of award was filed prior to in time i.e. 16.4.2002 and which was lateron transferred to America through proper channel, therefore, the objections filed in this Court at this stage are not tenable, because similar objections have already been filed in the Court of Connecticut in America. The parallel proceedings in the given circumstances cannot be allowed to be continued. Since the decree has already been transferred by the Court of Shri J.S. Klar, Addl. District Judge,Chandigarh to America by giving non-satisfaction certificate and as the award was duly notified by the Govt. of India and was sent to America through Ministry of External Affairs, Govt. of India, therefore, the objections, which were filed lateron in this Court cannot be allowed to be continued in this Court. Since the execution proceedings alongwith relevant objections filed by ESPN are pending in America, therefore, this objection petition cannot be entertained by this Court and if so advised, the objector may file additional objections in the Court of Connecticut in America. Even otherwise, this petition which has been filed by Mr. Vijay Rajput through Shri N.Ganpathy and Rohit Khanna Advocates have not made Shri H.L. Randev,

ATTESTED

Stenographer to
Addl. District cum Sessions Judge
cum-M.A.C.T. Chandigarh.

=6=

Retired District & Sessions Judge as a party. Since award dated 3.4.2002 was passed by Shri H.L. Bandev and as several objections have been raised against proceedings conducted by him, therefore, he was a necessary party being the sole arbitrator to settle the matter in dispute.

9. In view of the detailed discussion made above, the application filed by M/s. Ishan Credits Ltd. is partly allowed with the observation that the objection petition filed by M/s ESPN is rejected and ordered to be returned to the objector with an option (if so advised) to present the same in the Court of Connecticut, America, where the execution proceedings sent by the Court of Shri J.S. Klar, Addl. District Judge, Chandigarh are already pending.

Pronounced:-
OCTOBER 7,2003.

sd/
( TEJWINDER SINGH)
ADDITIONAL DISTRICT JUDGE,
CHANDIGARH.

"ALL THE SIX PAGES HAVE BEEN SIGNED BY ME"

sd/
( TEJWINDER SINGH)
ADDITIONAL DISTRICT JUDGE,
CHANDIGARH

DATED:- 7.10.2003.

CERTIFIED TO BE TRUE COPY

Stenographer to
Addl. District & Sessions Judge
cum-M.A.C.T, Chandigarh.
" Authorised by Section 76 of
Indian Evidence

No. & date of application 9. 7-10-2003
Date of pronouncement of 5-10-2003
of judgment
Date of ........ copy of 7-10-203
Judgment ........
Name ......... N.K. Nandu
Court fee/getaffixed 30-00

Stenographer to
Addl. District & Sessions Judge
cum- M.A.C.T, Chandigarh.

# B

— 2 —

F.A.O. No. 4210 of 2003.
-----

Present:-Mr.M.L.Sarin,Sr.Advocate with
Mr.N.Ganpathy and Mr.Rohit Khanna,Advocates,
for the petitioner.
----

Contends inter-alia that the award in question has been wrongly considered by the learned Additional District Judge, Chandigarh, as a foreign award whereas in fact it is a domestic award.

Notice of motion for 22.1.2004.

Notice re; stay also. In the meanwhile, operation of the order dated 7.10.2003 is stayed.

Sd/- KIRAN ANAND LALL
(JUDGE)

16.10.2003.
vs

TRUE COPY