UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 25  A 10: 58

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ISHAN CREDITS, LIMITED,  * | |
| * | |
| Petitioner,  * | CIVIL ACTION NO. |
| * | |
| against  * | 3:03CV-0705 (RNC) |
| * | |
| ESPN, INC.,  * | NOVEMBER 24, 2003 |
| * | |
| Respondent.  * | |
| * | |

**PETITIONER'S AFFIDAVIT FROM N.K. NANDA IN SUPPORT OF
PETITIONER'S MOTION TO REMOVE STAY**

COMES NOW, the Petitioner, Ishan Credits, Limited ("ICL"), and hereby supplements it

Motion to Remove Stay and Enforce Foreign Arbitral Award, which was previously filed

on October 14, 2003. In further support of its Motion to Remove Stay, ICL respectfully

submits an affidavit from N.K. Nanda, counsel for ICL in India (See Annex "A"

Affidavit of N.K. Nanda)

Respectfully submitted,
GIBSON & BEHMAN, P.C.

By: _____
Theodore W. Heiser
Scott Behman
Sharmili P. Das
Attorneys for the Petitioner
71 Bradley Road, Suite 11
Madison, Connecticut 06443
(203) 245-6176
CT 23807

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following on this 24th day of November 2003:

    James Bicks, Esq.
    Daniel Kalish, Esq.
    Wiggin & Dana, LLP
    One Century Tower
    P.O. Box 1832
    New Haven, Connecticut 06508-1832

Sharmili P. Das

MIS983SUBMITAFFIDAVIT



VALID OUT SIDE INDIA ALSO

EXHIBIT
A

DECLARATION BY WAY OF AFFIDEVIT OF SH.  N.K.NANDA
IN SUPPORT OF ICL  MOTION FOR ENFORCEMENT OF AWARD

I, N.K.Nanda, being duly sworn hereby states:

1. That my name is N.K.Nanda. I am over eighteen years of  age understand the meaning and obligations of an oath, have  never been convicted of a felony, suffer no legal disabilities, and am competent to testify to the facts set forth in this affidavit.

2.  That  I  am an senior advocate practicing  in  Punjab  and Haryana  High Court, Chandigarh from last 29 yearsand I was representing  Ishan Credits  Ltd  (ICL)  in  the  proceedings for execution of award and then dismissal   of objections filed u/s 34 of arbitration act by the ESPN in the court of Sh. Tejwinder Singh Additional District Judge Chandigarh.

3.  That as per the records available of arbitrator who  passed award  in  favour of ICL. It has been seen that ESPN  was  not intentionally presenting before the arbitrator willfully even after  receipt of notices.

4.  That when the execution was filed by the ICL in the  court of Sh.J.S.Klar against ESPN  which was subsiquently transferred to  the superior  courts Connecticut by the court of Sh.J.S.Klar for execution  of  warrant of attachment of properties,  ESPN was given due notices to present before the court of Sh. J.S. Klar to  raise  objection if any, but  ESPN  never  presented his representative  or  any  attorney  before  the  court  of Sh. J.S.Klar    even    after    the    receipt    of    the proper notices.Attested copies of the court proceedings are attached herewith as exebit 1.





FROM :                      FAX NO. :              Nov. 21 2003 05:42PM P2

5. That the award/decree was tranferred after it was duly notified as per the arbitration act by the Govt Of India. A copy of the notified award enclosed herewith as exebit 2. It is pertinent to mentioned here that once the award is executed and warrent of attachment of properties are issued and the said award/decree is being notified by the Govt Of India. It becomes final and binding on both the parties and no challange can be made afterward.

6. That ESPN has filed objections before the court of Sh. Tejwinder Singh whereas as per the Indian arbitration act and as per the law objections are only to be made before the court executing award/decree and in our case the appropriate court was of Sh. J.S.Klar where the execution remained pending for one year and proper notices were issued to ESPN to raise objection if any, but ESPN never turned up instead filed the objections before the court of Sh. Tejwinder Singh to make the matter more perplexed. Copy of acknowledgement of receipt of notices by ESPN is annexed as exebit 3.

7. That ESPN even has never made the arbitrator who passed the award as a party to the case which is mandatory while filing objections.

8. That as soon as the ICL came to know that the ESPN has filed objection in the court of Sh. Tejwinder Singh ADJ instead of the court of Sh. J.S.Kalar, ICL appeared before that court and contensted the objection filed by the ESPN which were finally dismissed whereas ESPN always tried to avoid to put up there appearence in the court as well before





FROM :                          FAX NO. :                       Nov. 21 2003 08:42PM P3

arbitrator even  after the receipt of notices, when shows there
melafied intentions from the day one  when  the  proceedings
started by the ICL against the ESPN.

9.   That an application was moved by the ICL before the  court
of Sh. Tejvinder Singh for dismissel of objection filed by the
ESPN.  The same was allowed by the court in favour of ICL  and
against ESPN after hearing the arguments and pleadings of  ESPN
attorney  in length and ESPN attorney was unable  to  convince
the court of Sh. Tejwinder Singh.

i. that why the objection were not raised before the court  of
Sh. J.S.Kalar even after the receipt of notices, where the
execution kept pending for approx. one year.

ii.  that  why arbitrator has not been made a party  who  has
passed this award, but ESPN has no answer to there questions.

10.  That  as per the arbitration act "when the  awards  become
final & enforcement is to be made in some other country where it
is counted as a foreign award" that in one proceeding the court
enforcing  foreign  award can deal with the entire  matter.  A
copy of the arbitration act is annexed as exebit 4.

11.  That  again  ESPN filed a motion before  the  Punjab  and
Haryana  High Court without mentioning facts and  mislead  the
court by quoting  domestic award as a  foreign  award.  Even
though the court passed orders doesn't effect the  proceedings
at USA as  the court of Sh.Tejwinder Singh has  dismissed
objections filed by the ESPN . A copy of  the  court orders is
annexed at exebit 5.

12. That since the ESPN has lost their case at all levels  and
as  per  the Indian arbitration act the properties  owned  and



possessed by the ESPN are to be publically auctioned to recover the award amount in the event of non payment of award amount.

13. That it is correct that ESPN got license/permissions only with the efforts of ICL who performed there part of the agreement dated Aug 4, 1994 and whereas ESPN back out to fulfill there committment as per the agreement and hence the present award.

I swear under the penality of perjury, that the forgoing is true and correct.

Chandigarh

Dated:21.11.2003

DEPONENT

Verification:

Verified that contents of Para No 1 to 13 of my knowledge and no part of it is falls. Nothing has been concealed therein.

Verified at Chandigarh on dated :21.11.2003

Chandigarh

Dated:21.11.2003

DEPONENT

The above statement is signed before me by Mr. N.K. Nanda Advocate Chandigarh on the 21st Nov. 2003 at Chandigarh

ATTESTED

Gurdarshan Singh

NOTARY CHANDIGARH

2 1 NOV 2003







(48)

IN THE COURT OF SHRI ASHOK KUMAR, CIVIL J
(SENIOR DIVISION),CHANDIGARH.

**EXHIBIT**

1

Arb.No.65 of 30.9.2K

Date of order : 18.8.

M/S Ishant Credits Ltd,
SCF No.18, Sector 9-D, Chandigarh
through its Chairman-cum-Managing Director,
R.K.Sharma.

..... Petitioner

Versus

M/S ESPN Inc. ESPN Plaza,
Bristol CT 06010 USA.

........ Respondent

Petition under section 11 of the Arbitration
and Conciliation Act, 1996 for the appointme-
-nt of the arbitrator.
.....

Present : Counsel for the petitioner
Respondent exparte

JUDGMENT

Petitioner has filed the present petition
under section 11 of the Arbitration and
Conciliation Act, 1996 (hereinafter called as the
Act) for the appointment of the arbitrator.

2.      It is alleged in the petition that the
petitioner is a company registered under the
Companies Act and its Chairman-cum-Managing
Director is competent to sign and verify the
pleadings and to file the suit. It is further
averred that the defendant in order to start
sports channel in India and wrote a letter to the
Ministry of Information & Broadcasting, New Delhi
whereby they requested for providing Indian Partner
for a licence to broadcast terrestrially in India.

: 2 :

It is further alleged that the petitioner
company was appointed as Consultant. However,
an agreement to this effect of rendering
services by the petitioner company to the
respondent was entered into between the parties
on 4.8.1994. As per terms and conditions of the
aforesaid agreement, the defendant agreed to
pay to the petitioner company a sum of 1.5 Million
U.S.$ as consultancy charges. As per the terms
of the agreement a sum of 1.5 Lac U.S.$ was paid as
an advance and remaining payment was to be paid
within 15 days of the grant of the said licence.
The defendant had to provide all technical
financial and commercial information for
obtaining the desired telecast licence. It is
further alleged that the licence was given by the
Ministry of Information and Broadcasting to the
defendant but after taking the licence the
defendant started disputing the remaining payment
of the plaintiff. It is next alleged that in terms
of the agreement dated 4.8.1994 their exist
an arbitration clause whereby the matter is required
to be referred for adjudication to the two
arbitrators to be appointed by each party. The
defendant has failed to appoint the arbitrator,
therefore, the arbitrator is required to be appointed
to be appointed by this court. The defendant was
called upon to appoint the arbitrator vide legal
notice dated 13.6.2000 but to no avail and hence
the present application.

contd....3....

: 3 :

3.    Notice of the petition was given to the respondent but the respondent failed to appear and hence they were proceeded against exparte.

4.    In exparte evidence, the petitioner examined R.K.Sharma, its Chairman-cum-Managing Director as PW.1 and closed the evidence.

5.    Heard. In his statement as PW.1 R.K.Sharma, being the Managing Director and Chairman of the petitioner firm has supported the averments of the petition. From the perusal of his statement, it is clear that there exists a dispute between the parties and as per arbitration clause in the contract agreement, in case of any dispute arising between the parties in respect of the agreement, the same shall be referred to two arbitrators, one to be appointed by each of the party. It is specifically stated by PW.1 that in terms of agreement Ex.P.1 the defendant agreed to pay 1.5 Million U.S. Dollars. The advance was given but subsequently remaining payment was not made inspite of the fact that the petitioner perform their part of the contract. The petitioner served the respondent with legal notice Ex.P.2 for appointment of arbitrator by the respondent but they failed to appoint the same. The evidence led by the petitioner has remained unchallenged and unrebutted on record. So the petition of the petitioner is allowed. Shri H.L. Randev D.&.S. & Sessions Judge (Retired) is hereby appointed as arbitrator to adjudicate the dispute between the parties as early as possible by giving short possible dates and to pronounce his award. File be consigned to the record room.

[51]

IN THE COURT OF SHRI ASHOK KUMAR, CIVIL JUDGE

(SENIOR DIVISION),CHANDIGARH.

Arb.No.65 of 30.9.2K

Date of order : 18.8.2001

M/S Ishant Credits Ltd,
SCF No.18, Sector 9-D, Chandigarh
through its Chairman-cum-Managing Director,
R.K.Sharma.

..... Petitioner

Versus

M/S ESPN Inc. ESPN Plaza,
Bristol CT 06010 USA.

........ Respondent

Petition under section 11 of the Arbitration
and Conciliation Act, 1996 for the appointme-
-nt of the arbitrator.
.....

52

Present 'Counsel for the petitioner
        Respondent exparte

    Heard. Vide my separate judgment of
even date, the petition of the petitioner for
appointment of arbitrator is allowed. File be
consigned to the record room.

Announced : 18.8.2001.                    Civil Judge (Sr.Div.)
                                              Chandigarh.

BEFORE H.L. RANDEV, DISTRICT SESSIONS JUDGE (RETIRED)
SOLE ARBITRATOR, HOUSE NO.1510, SECTOR 36-D,
CHANDIGARH

Ishan Credits Ltd., S.C.F. 18  Sector 9,

Chandigarh.

.....Claimants

Versus

M/s  E.S.P.N.  Plaza,  Bristol  Connecticut.

U.S.A.

.....Respondent

Contd....







### AWARD



1.      This  is a reference made by Court  of  Shri Ashok  Kumar,  Civil  Judge  (Senior  Division), Chandigarh  vide its order, dated 16.08.2001,  passed on  the  claimant's  application  u/s  11  of  the Arbitration  and Conciliation Act, 1996, whereby  the undersigned  was  appointed as  sole Arbitrator  for adjudication  of  dispute between the parties  arising out  of  agreement, dated  04.08.1994,  entered  into between  them  for  rendering  of  services  by  the Claimant  to  the respondent in connection  with  the request  made  by the respondent to the  Ministry  of Information  and Broadcasting, Government  of  India.



Contd....

New Delhi, for grant of licence for starting sports channel in India.

2.    In brief, the facts of the case, as put forth by the claimant in its claim petition, are that on 04.08.1994, it entered into agreement with the respondent through its Vice President Programming and Production Mr.H.Anderson, at New Delhi, for obtaining licence to telecast television channel for sports in India. The respondent thereby agreed to retain services of the claimant having its registered office at S.C.F. No.18, Sector 9-D, Chandigarh, and to pay to it (the claimant) a total amount of 1.5 million U.S. $ (dollars) by way of its fee for consulting services. In terms of paragraph 3 of the agreement, the respondent paid to the claimant advance payment of 1,35,000 U.S. $ at the time of signing of the agreement and further advance payment of 15,000 U.S. $ within 15 days thereof. The balance fee was to be paid on completion of the work. The claimant started its services and began preparing application on behalf of the respondent for filing the same with the Ministry of Information and Broadcasting for obtaining licence. All the technical, commercial and financial information necessary and appropriate for filing that application, was to be provided, in terms of the paragraph 4 of the agreement, by the respondent. The application, along with the required undertakings

Contd...

duly signed by Mr.Harold Anderson,Vice President E.S.P.N., who was duly authorised for the purpose, by Mr.Edwin M. Durso, Executive Vice President and Director and General Counsel vide authority letter, dated 05.08.1994, and was finally submitted to the Department of Information and Broadcasting, Government of India. The claimant pursued that application, from time to time, at different levels and pleaded with the Government of India for grant of licence which ultimately, with its efforts and consultation, was granted to the respondent for telecast of sports in India and its operation was successfully started. The claimant thereby successfully performed its part of the contract. So, it approached the respondent for payment of its balance fee of 13,50,000 U.S. $, but the respondent started disputing payment of the same. In terms of arbitration clause in the agreement for references of disputes, arising between the parties in connection therewith, to two Arbitrators, one to be appointed by each of the parties, and arbitration to be conducted under the Arbitration Act of 1940, request was made to the respondent for appointing its own Arbitrator, but it never responded and thus leaving no choice to the claimant except to approach the court for appointment of Arbitrator. Accordingly, upon its application, the undersigned was appointed as Arbitrator by the said court vide its said order. It claims 13,50,000 U.S. $ as its balance fee under the

Contd.....

agreement, 16,60,500 U.S. $ by way of damages and interest on that payment at the rate of 18% per annum upto 31.10.2001, 5,000 U.S. $ as secretarial and staff expenses, 10,000 U.S. $ on account of legal expenses and 5,000 U.S. $ as professional charges of Chartered Accountant and Auditors, in all 30,30,500 U.S. $ together with other relief admissible under law and equity, as also the costs of this claim petition.

3.    The respondent was sent twice notices for appearance, through registered A/D post, but the registered cover was received back, each time, with the report as to the respondent having refused to accept the same. Since refusal to accept service by registered A/D post, is considered, under law, as sufficient service and nobody turned up its behalf on each of the two dates of hearing for which it had been sent these notices, it was proceeded against exparte in view of that deemed service.

4.    In its exparte proof, the claimant has tendered evidentiary affidavit of its M.D. Shri R.K. Sharma, treated as his statement as C.W.1, alongwith copy of the agreement Annexure I and copy of letter, dated 05.08.1994, Annexure II. Then in its additional exparte evidence, it has tendered supplementary evidentiary affidavit of its said M.D., read as his supplementary statement as C.W.1,

Contd....



alongwith copy of brief conditions, Annexure III, copy of proposal for entering into agreement, Annexure IV, copy of the application, Annexure V, copy of letter dated 19.09.1994, Annexure VI, copy of certificate of incorporation of the respondent, Annexure VII, copy of letter dated 23.11.1995, Annexure VIII, and copy of letter, dated 19.09.1999, Annexure IX.

5.     I have looked into the record and heard the M.D. of the claimant. The discussion is held as under.

6.     The above mentioned exparte evidence adduced by the claimant prima facie goes to show that the respondent approached the claimant for obtaining licence to telecast 24 hours sports channel in India and before entering into agreement in this regard, put forward on 31.07.1994, a few conditions vide Annexure III. Thus after a series of discussion, the claimant sent to the respondent, in response to its letter, dated 01.08.1994, its proposal vide Annexure IV. That proposal was negotiated leading to execution of formal agreement of which copy is Annexure I, between the parties at New Delhi on 04.08.1994. The respondent thereby agreed vide its paragraph 1 to retain the services of the claimant for the purpose of establishing a temporarial television channel for sports in India and to pay,

Contd....



subject to the conditions laid down therein, a total amount of 1.5 million U.S. $ for its consulting services. By virtue of its paragraph 2, the claimant's entitlement to any fee for those services was made conditional upon the respondent's obtaining all necessary rights, licenses and approvals acceptable in the respondent's judgment necessary for the establishment of that channel. It paragraph 3 envisaged making of advance payment of 1,35,000 U.S. $ immediately following its signing and additional advance payment of 15,000 U.S. $ within 15 days thereof by the respondent to the claimant. The balance fee was to become payable upon completion of the work undertaken to the satisfaction of the respondent. It further provided that in the event of the respondent holding the view in the exercise of its judgment under the paragraph 2 of the agreement that the fee is not payable to the claimant, any amount paid in advance by the respondent, would be immediately refunded by the claimant to the respondent. Its paragraph 4 enjoined upon the respondent to cooperate with the claimant in providing technical, financial and commercial information necessary and appropriate with respect to the filing with the proper authorities such applications as may be necessary to obtain the desired television licenses. Its paragraph 5 debarred the claimant from making or promising, under any circumstances, any payment to any Indian



Contd....

Government official or political party or official for purposes of influencing any act or decision thereof or any Government authority or instrumentality or otherwise engage in any activities contrary to Indian or U.S. law (including the U.S. Foreign Corrupt Practices Act). It paragraph 6 contemplated that in the event of arising of any dispute between the parties with respect to this agreement, .it will be referred to two arbitrators, one to be appointed by each of the parties and the arbitration will be conducted under the Indian Arbitration Act of 1940.

7.     In terms of paragraph 3 of the agreement, the respondent made to the claimant advance payment of 1,35,000 U.S. $ vide communication, dated 05.08.1994, Annexure II. Thereafter, the claimant started providing its services and with the help of Technical representative of the respondent, application was drafted and submitted to the Ministry of Information and Broadcasting on 07.08.1994 vide Annexure V.   The respondent paid to the claimant the balance advance money of 15,000 U.S. within 15 days of the execution of the agreement in question. The said application was yet under process, when on having been approached by the respondent for booking with V.S.N.L. so as to cover triangular series of Cricket Test Matches, the claimant's sister concern M/s Ishan Television India Ltd., Chandigarh forwarded the respondent's request

Contd....



in this regard, to V.S.N.L. and pursued vide Annexure VI, the same through its letters, dated 11.09.1994, 17.09.1994 and 19.09.1994. As a result \, permission was granted by V.S.N.L. to the respondent for covering that series of Cricket Test Matches.

8.      The said application had been submitted to the Ministry of Information and Broadcasting alongwith the required undertakings and duly signed by Mr.Harold Anderson, Vice President of the respondent, who had been duly authorised, in this regard, by Mr.Edwin M. Durso, Executive Vice President and Director as also counsel of the respondent through letter of authority, dated 05.08.1994, attached with the said application. The total investment part, use of Satellite Antenna and access to cable operators etc had been incorporated in the application. The claimant pursued that application, from time to time, at different levels and pleaded with the Government of India for the grant of the licence. Ultimately, with its efforts, that application was granted and licence for the telecast of sports in India was issued in the month of December, 1994. For its use, the respondent was required to form and incorporate its company in India as per the Indian law and this was done by the incorporating it as E.S.P.N. India Pvt. Ltd., in respect whereof, certificate was issued by the Registration of Companies on 08.02.1995 vide Annexure VII. The respondent's Sports Channel was

Contd..

(required)



then successfully launched in India and it is now being operated through cable operators throughout India.

9.    The claimant asserts that it thereby duly performed its part of the contract. It requested the respondent for the payment of its balance fee of 13,50,000 U.S. $, but the respondent did not pay the same despite repeated reminders and its final letter dated 23.11.1995 Annexure VIII. The respondent rather started disputing its liability to pay the same. Thereupon, in view of the arbitration clause embodied in paragraph 6 of the agreement in question, the respondent was requested to appoint its Arbitrator, but it gave no reply. The claimant engaged M/s M. Michael W. Sillyman, Kutak Rock having its office at 16th Floor, 3300 North Central Avenue, Phoenix, Arizona, U.S.A., for legal proceedings vide Annexure IX, but to no effect. So, the claimant had to approach in September, 2000, Civil Court through application u/s 11 of the Arbitration and Conciliation Act of 1996 for the appointment of Arbitrator and that application was granted by it, vide order, dated 18.08.2001, whereby the undersigned was appointed as Arbitrator for adjudicating upon the dispute arising between the parties out of the agreement in question. The claimant represents to have become entitled to the payment of the said balance fee by the respondent on 06.02.1995, the date

Contd....

of incorporation of E.P.S.N. in India and seeks interest thereon at the rate of 18 per cent per annum w.e.f. that date.

10.    Since the respondent has not cared to come forward to contest the demand of the claimant despite its deemed service by registered A/D. post and to show that in its judgment, the claimant has not duly performed its part and is not entitled to the agreed fee for its represented services, I see no reason to disregard the above referred exparte evidence led by the claimant. I prima facie feel satisfied thereby that the claimant became entitled to its balance fee of 13,50,000 U.S. $ upon successful operation of its sports channel after its incorporation in India on 08.02.1995. It is, however, significant that neither the agreement in question embodied any provision for payment of interest nor has the claimant shown to to have made demand for the same from the respondent before the filing of its claim petition with the undersigned in these arbitration proceedings on 03.11.2001. So, it can be allowed interest on the said balance only w.e.f. 03.11.2001 and not for any prior period. Further the claimant has not adduced any documentary proof of payment of any legal expenses of 10,000 U.S. $ nor professional charges of 500 U.S. $ nor secretarial and staff expenses of 500 U.S. $. So, it is difficult to uphold this part of its claim being

Contd....





VALID OUTSIDE INDIA

EXHIBIT
2

ORDER SENDING DECREE FOR EXECUTION TO ANOTHER COURT

(ORDER 21 RULE 6 CPC)

IN THE COURT OF SH. J.S.KLAR, ADDITIONAL DISTT. JUDGE,
CHANDIGARH



SHAN   CREDITS  LTD. SCF NO.18, SECTOR  9,  CHANDIGARH
JUDGE.IT'S MANAGER DIRECTOR, SH R.K.SHARMA.
                                ...PETITIONER/D.H.

VERSUS

1.   ESPN, ESPN PLAZA BRISTOL CONNECTICUT, U.S.A.
2.   SH. H.L RANDEV SOLE ARBITRATOR, H.NO.151V,  SECTOR
     25-B,CHANDIGARH.

                        ...RESPONDENTS/J.Ds

     Whereas  the Decree Holder  in the above  case  has
applied  to this court for a certificate to be sent  to
the  court of SUPERIOR COURT, CONNECTICUT, U.S.A.  for
execution of this decree in the above case by the  said
court, alleging that the judgment dector reside or  has
property  with the local limits of the  jurisdiction  of
the  said  court and it is deemed necessary and  proper
to send a certificate to the said court under ORDER  21
RULE 6 OF THE CODE OF CIVIL PROCEDURE, it is

                    ORDERED

     That  a copy of this order be sent to SUPERIOR
COURT  CONNECTICUT, U.S.A.  with a copy of the  decree
and of any order which may have been made for execution
of the same and a certificate of non-satisfaction.

Dated:25.1.2003

True Copy of the Original

Notary,Chandigarh

− 6 FEB 2003

Additional Distt. Judge
Chandigarh

NEERU SHARMA
(NOTARY)
CH.No. 235, Distt. Court,
Chandigarh

VALID OUTSIDE INDIA ALSO

CERTIFICATE OF EXECUTION OF DECREE TRANSFERRED TO
ANOTHER COURT.

(ORDER 21 RULE 6 CPC)

IN THE COURT OF SH. J.S.KLAR, ADDITIONAL DISTT. JUDGE,
CHANDIGARH

ISHAN  CREDITS  LTD. SCF NO.18, SECTOR  9, CHANDIGARH
JUDGE,ITS MANAGER DIRECTOR, SH.R.K.SHARMA.

...PETITIONER/D.H.

VERSUS

1.  ESPN, ESPN PLAZA BRISTOL CONNECTICUT, U.S.A.
2.  SH. H.L RANDEV SOLE ARBITRATOR, H.NO.1510,  SECTOR
    24-D,CHANDIGARH.

...RESPONDENTS/J.Ds

| | | | |
|---|---|---|---|
| 1. | Number of the case and the court which passed the decree | : | 15M 15.4.2002 Arbitration Award passed, by Sh. H.L.Randev. Arbitrator. |
| 2. | Name of the parties | : | ISHAN CREDITS VS. ESPN. |
| 3. | Date of application for execution case. | : | 15.4.2002 |
| 4. | Name of execution case | : | 128/ 15.4.2002 |
| 5. | Process issued and dates of service thereof | : | Regd. A.D. dt.30.5.02 & dt.31.10.2002. |
| 6. | Cost of execution | : | ......... |
| 7. | Amount realised | : | ......... |
| 8. | How the case is disposed: off. | | The case has been disposed off as exparte. |
| 9. | Remarks | | |

---

**True Copy of the Original**

Notary,Chandigarh

Signature of Moharrar  Incharge & FTR 200?        Judge.

NEERU SHARMA
(NOTARY)
CH.No. 269, Distt Court,
Chandigarh



CERTIFICATE OF NON-SATISFACTION OF THE DECREE

(ORDER 21 RULE 6 CPC)

IN THE COURT OF SH. J.S.KLAR, ADDITIONAL DISTT. JUDGE,
CHANDIGARH

ISHAN   CREDITS   LTD. SCF NO.19, SECTOR   9,   CHANDIGARH
JUDGE,ITS MANAGER DIRECTOR, SH. M.L.SHARMA.
                                    ...PETITIONER/D.H.

VERSUS

1.    ESPN, ESPN PLAZA BRISTOL CONNECTICUT, U.S.A.
2.    SH. M.L RANDEV SOLE ARBITRATOR, H.NO.1510,   SECTOR
      36-B,CHANDIGARH.

                                    ...RESPONDENTS/J.Ds


        Certified   that   no   satisfaction   of   the

decreeof   this court in case no.128 of 2002   and   award

dated:0.4.2002   a   copy of which is   hereunto   attached

has been obtained by execution within the   jurisdiction

of this court.


Dated:25.1.2003                              Addl.Judge ...t Judge
                                             Chandigarh

True Copy of the Original

Notary,Chandigarh

- 6 FEB 2003

NEERU SHARMA
(NOTARY)
CH.No. 235, Distt. Court,
Chandigarh

EXHIBIT

3

tabbies

① 601726

... Kumar

Advocate

Ref. No. ...............  ..................

Dote **13th June,** 2000

REGISTERED AD

To

M/s. ESIN,
Plaza Bristole,
CONNECTICUT,
U.S.A.

Sub:    Regarding Agreement dated 4.8.1994 — for the
appointment of Arbitrator.

Sir,

Under the instructions of my client M/s. Ishan Credits
Limited, SCF No.18, Sector 9-D, Chandigarh, through its Chairman-
Cum-Managing Director, I hereby serve you with the following
notice:-

1.      That M/s. ESIN entered into an agreement dated 4.8.94
with my client referred to above for the purpose of
establishing Terrestrial Television Channel for sports
in India and my client who is engaged in the consultancy
business agreed to arrange for providing necessary
consultations and the granting of licence to this affect.

2.      That in consideration of the said services which were
required to be rendered by my client, M/s. ESIN agreed to
pay a total sum of 1.5 Million U.S.$.

3.      That it was further agreed to make certain payments in
terms of clause-3 of the said agreement.

4.      That my client referred to above arranged for the said
said licence and performed its part of the matter but
M/s. ESIN vide its letter dated 25.3.1995 unilaterally and
arbitrarily cancelled the aforesaid contract.

Off. & Resi. : THE SOLACE HOUSE, Kothi No. 1402, Sector 42-B, CHANDIGARH
Chamber No. 102, District Courts, Chandigarh

*Kumar*
Advocate

ID 601726

Ref. No. ................................

Date ......................

: 2 :

5.　That under the agreement my client had to provide the consultancy services in order to enable M/s. ESIN to have the licence and my client provided the aforesaid services and accordingly the licence was also granted to M/s. ESIN but inspite of that the contract has been cancelled.

6.　That after that my client made numerous communications to M/s. ESIN but M/s. ESIN failed to make the payment of the balance amount i.e. Contract Amount (-)what has been paid in advance. As such, there arose a dispute between my client and M/s. ESIN.

7.　That in terms of the agreement dated 4.8.94 there exists an arbitration clause which is reproduced as under:-

> "In case of any dispute arising between the parties with respect to this agreement, the case will be referred to the two arbitrators, one to be appointed by each of the party and arbitration will be conducted under the Indian Arbitration Act, 1940."

8.　That since there is a dispute between both the parties, my client has appointed its arbitrator whose name will be intimated on the appointment of arbitrator by M/s. ESIN.

od 'Kumar
Advocate

© 601726

Ref. No. ................................

: 3 :

I, therefore, through this notice call upon M/s. ESMA to appoint their arbitrator and intimate his particulars within 15 days after the receipt of this communication, otherwise, my client shall feel constrained to commence appropriate legal proceedings for the appointment of the arbitrator through Court. Hence, please take notice of it.

Thanking you,

Yours faithfully,

( VINOD KUMAR ),
Advocate.

## *Ajay Bahl & Co.*

### ADVOCATES & SOLICITORS

F-40, N.D.S.E., PART-I, NEW DELHI-110 049
PHONES : 4617697, 4618947, 4627155, 4642069, 4642480
FAX : 91-11-4625302 E-Mail : abc@ajaybahlco.com



EXHIBIT
E

SPEED POST A.D.

To                                                                                     July 25, 2000

Shri Vinod Kumar
Advocate
The Solace House,
Kothi No.1402, Sector 42-B,
CHANDIGARH.

Sir,

Your notice dated 13ᵗʰ June, 2000 issued by you on behalf of your client M/s. Ishan Credits Ltd. has been placed in our hands by our client M/s. ESPN Inc, ESPN Plaza, Bristol, CT 06010, U.S.A. with instructions to reply as under:-

At the very outset it is stated that the dispute(s) sought to be raised by you on behalf of your client is/are clearly time barred.

In any event and without prejudice to the above contention, it would also be relevant to mention that the ESPN channel being viewed in India is a satellite channel broadcast from Singapore. The only terrestrial channels are those owned and operated by Doordarshan, which is owned and controlled by the Government of India. Our client, has still date no licence to operate any terrestrial channel in India. In these circumstances, our client's fail to understand how your clients could have made arrangements to provide for a Licence which is not in existence.

Further, the notice issued by you is also without any merit and is not in consonance with the applicable law of the land.

The alleged disputes referred to in your notice are clearly time barred and can not be a subject matter of Arbitration proceedings between your client on the one hand and our client on the other.

It may not be out of place to mention that on an earlier occasion also your client through a Law firm, namely, Kutak Rock based in Phoenix, Arizona, U.S.A. sought to commence arbitration proceedings on the very same issues against our client. However, on being apprised of the legal position obtaining in India, your client and their said U.S. Lawyers did not pursue the matter any further.

In the aforesaid circumstances, you are kindly requested to advise and inform your client that they have no case in law and/or on the facts disclosed in your notice and that it would be worthwhile for them to forthwith withdraw their notice dated 13ᵗʰ June 2000 issued through you.

Yours faithfully,

N. Ganpathy

N. Ganpathy
Advocate

cc:    ESPN Inc. ESPN Plaza, Bristol, CT 06010, U.S.A.

\\itserver\data\WS\COURT\ESPN\Ishan Notice.doc

EXHIBIT
21

IN ARBITRATION CASE TITLED AS

M/S TOWN CREDITS LTD.                    ESPN INC.
SCF-15, SECTOR 9-D          Vs           ESPN Plaza,
CHANDIGARH.                              Bristol Connecticut
                                         U.S.A.

        Whereas  the court of  Sh. Ashok Kumar, Civil Judge,
(Senior Division) Chandigarh  has appointed the  undersigned as
sole arbitrator  for adjudicating dispute  between  the parties
arising out of the agreement dated 04-06-94 entered into between
them.

        Whereas in the pursuance of the said Judgement of said
Civil Court, the  claimant company  has filed before  the  under
signed claim petition dated 27-12-2001 (Copy thereof enclosed)

        You are  hereby  given notice of the said claim petition
and required  to appear in this connection before the undersigned
on 16-03-2002 at 11.am at his residence house No.1510,Sector 36-D,
Chandigarh.  In the event of your non appearance on the said date
despite service this notice you will be proceeded against Exparte
in the case.

        Given under my hand and signature on 30th January 2002.


                                              H.L.Kundar
                                              Sole Arbitrator