Akalank's

# THE ARBITRATION AND CONCILIATION ACT, 199

*(Act No. 26 of 1996)*

EXHIBIT



Web: www.jainbookagency.com
E-mail: sales@jainbookagency.com
**JAIN BOOK AGENCY**
C-9 Connaught Place, New Delhi-1
Ph : 23416390/91/92/93/94, 51513852
Fax : 011-23731117

# BARE ACT

अकलंक पब्लिकेशन्स
akalank publications

Rs. 25.00

ॐ ह्रीं नमः

Akalank's

# THE
# ARBITRATION
## AND
# CONCILIATION
# ACT, 1996

**(Act No. 26 of 1996)**



Web: www.jainbookagency.com
E-mail: sales@jainbookagency.com

**JAIN BOOK AGENCY**
C-9,Connaught Place,New Delhi-1
Ph :23416390/91/92/93/94, 51513852
Fax : 011-23731117

अकलंक पब्लिकेशन्स
akalank publications

Published by:
Akalank Kumar Jain
*for* AKALANK PUBLICATIONS
P.O. Box No. 1029,
Mori Gate, Delhi - 110006.
email: akalank@vsnl.com
visit: www.akalank.com

*ISBN* : 81-7639-104-2

© **All Rights Reserved with the Publishers**

*Typeset & Printed by :*
ΛLPHΛBΣT
Delhi.

### Caution Note

No part of this publication may be reproduced or transmitted in any form or by any means, electronically or mechanically, including photocopying, recording or any information storage or retrieval system, without prior permission in writing from the publisher or in accordance with the provisions of the Copyright Act, 1956 (as amended). Any person who does any unauthorised act in relation to this publication may be liable to criminal prosecution and civil claims for damages. .

This book is intended to be used only for general guidance and should not be quoted as an authority. In case of any doubt, relevant act, rules, regulations, orders, etc. on the subject from Government Department concerned or Gazette notifications should be referred to. This Publication is sold with the understanding that the Publishers, Authors or Book sellers are not responsible for the result of any action taken on the basis of this book nor for any error or omission to any person whether a purchaser of this publication or not.

Every effort has been made to avoid errors or omissions in this book. Inspite of this, errors may creep in. Any mistake, error or discrepancy noted, may be brought to the publisher's which shall be taken care of in the next edition. The book is subject to replacement only if there is any binding mistake, misprint or for missing pages within 30 days from the date of purchase of the book with the same edition or the next available edition if so published. All expenses in this connection are to be born by the purchaser.

All disputes are subject to District Courts, Tis Hazari, Delhi Jurisdiction only.

**********

001996R002000062600

# The Arbitration and Conciliation Act, 1996

## CONTENTS

*Statement of Objects and Reasons* 1
*Memorandum regarding Delegated Legislation* 2
*Preamble* 3

**PRELIMINARY**

1. Short title, extent and commencement 3

*Part I*
**ARBITRATION**

**CHAPTER I**
**GENERAL PROVISIONS**

2. Definitions 4
   Scope 5
   Construction of References 5
3. Receipt of written communications 5
4. Waiver of right to object 6
5. Extent of judicial intervention 6
6. Administrative assistance 6

**CHAPTER II**
**ARBITRATION AGREEMENT**

7. Arbitration agreement 6
8. Power to refer parties to arbitration where there is an arbitration agreement 7
9. Interim measures etc. by Court 7

**CHAPTER III**
**COMPOSITION OF ARBITRAL TRIBUNAL**

10. Number of arbitrators 8
11. Appointment of arbitrators 8
12. Grounds for challenge 9
13. Challenge procedure 10
14. Failure or impossibility to act 10
15. Termination of mandate and substitution of arbitrator 10

**CHAPTER IV**
**JURISDICTION OF ARBITRAL TRIBUNALS**

16. Competence of arbitral tribunal to rule on its jurisdiction 11
17. Interim measures ordered by arbitral tribunal 11

**CHAPTER V**
**CONDUCT OF ARBITRAL PROCEEDINGS**

18. Equal treatment of parties 12
19. Determination of rules of procedure 12
20. Place of arbitration 12
21. Commencement of arbitral proceedings 12
22. Language 12
23. Statements of claim and defence 13

*(iv)*

24. Hearings and written proceedings                                    13
25. Default of a party                                                  13
26. Expert appointed by arbitral tribunal                               13
27. Court assistance in taking evidence                                 14

**CHAPTER VI**

**MAKING OF ARBITRAL AWARD AND TERMINATION OF PROCEEDINGS**

28. Rules applicable to substance of dispute                            15
29. Decision making by panel of arbitrators                             15
30. Settlement                                                          15
31. Form and contents of arbitral award                                 16
32. Termination of proceedings                                          17
33. Correction and interpretation of award, additional award           17

**CHAPTER VII**

**RECOURSE AGAINST ARBITRAL AWARD**

34. Application for setting aside arbitral award                        18

**CHAPTER VIII**

**FINALITY AND ENFORCEMENT OF ARBITRAL AWARDS**

35. Finality of arbitral awards                                         19
36. Enforcement                                                         19

**CHAPTER IX**

**APPEALS**

37. Appealable orders                                                   19

**CHAPTER X**

**MISCELLANEOUS**

38. Deposits                                                            20
39. Lien on arbitral award and deposits as to costs                     20
40. Arbitration agreement not to be discharged by death of party thereto 21
41. Provisions in case of insolvency                                    21
42. Jurisdiction                                                        21
43. Limitations                                                         21

*Part II*

**ENFORCEMENT OF CERTAIN FOREIGN AWARDS**

**CHAPTER I**

**NEW YORK CONVENTION AWARDS**

44. Definition                                                          22
45. Power of judicial authority to refer parties to arbitration         22
46. When foreign award binding                                          22
47. Evidence                                                            22
48. Conditions for enforcement of foreign awards                        23
49. Enforcement of foreign awards                                       24
50. Appealable orders                                                   24
51. Saving                                                              24
52. Chapter II not to apply                                             24

*(v)*

## CHAPTER II
### GENEVA CONVENTION AWARDS

53. Interpretation                                                    24
54. Power of judicial authority to refer parties to arbitration        25
55. Foreign awards when binding                                       25
56. Evidence                                                          25
57. Conditions for enforcement of foreign awards                      26
58. Enforcement of foreign awards                                     27
59. Appealable orders                                                 27
60. Saving                                                            27

### *Part III*
### CONCILIATION

61. Application and scope                                             27
62. Commencement of conciliation proceedings                         27
63. Number of conciliators                                           28
64. Appointment of conciliators                                      28
65. Submission of statements to conciliator                          28
66. Conciliator not bound by certain enactments                      29
67. Role of conciliator                                              29
68. Administrative assistance                                        29
69. Communication between conciliator and parties                    29
70. Disclosure of information                                        29
71. Co-operation of parties with conciliator                         30
72. Suggestions by parties for settlement of dispute                 30
73. Settlement agreement                                             30
74. Status and effect of settlement agreement                        30
75. Confidentiality                                                  30
76. Termination of conciliation proceedings                          30
77. Resort to arbitral or judicial proceedings                       31
78. Costs                                                            31
79. Deposits                                                         31
80. Role of conciliator in other proceedings                         31
81. Admissibility of evidence in other proceedings                   32

### *Part IV*
### SUPPLEMENTARY PROVISIONS

82. Power of High Court to make rules                                32
83. Removal of difficulties                                          32
84. Power to make rules                                              32
85. Repeal and savings                                               33
86. Repeal of Ordinance 27 of 1996 and Saving                        33
The First Schedule    : Convention on the recognition and enforcement of
                        Foreign Arbitral Awards                       34
The Second Schedule : Protocol on Arbitration Clauses                39
The Third Schedule  : Convention of the execution of Foreign Arbitral Awards 41
Notes on Sections                                                    44

## STATEMENT OF OBJECTS AND REASONS[*]

The law on arbitration in India is at present substantially contained in three enactments, namely, the Arbitration Act, 1940, the Arbitration (Protocol and Convention) Act, 1937 and the Foreign Awards (Recognition and Enforcement) Act, 1961. It is widely felt that the 1940 Act, which contains the general law of arbitration, has become outdated. The Law Commission of India, several representative bodies of trade and industry and experts in the field of arbitration have proposed amendments to this Act to make it more responsive to contemporary requirements. It is also recognised that our economic reforms may not become fully effective if the law dealing with settlement of both domestic and international commercial disputes remains out of tune with such reforms. Like arbitration, conciliation is also getting increasing worldwide recognition as an instrument for settlement of disputes. There is however, no general law on the subject in India.

2. The United Nations Commission on International Trade Law (UNCITRAL) adopted in 1985 the Model Law on International Commercial Arbitration. The General Assembly of the United Nations has recommended that all countries give due consideration to the said Model Law, in view of the desirability of uniformity of the law of arbitral procedures and the specific needs of international commercial arbitration practice. The UNCITRAL also adopted in 1980 a set of Conciliation Rules. The General Assembly of the United Nations has recommended the use of these Rules in cases where the disputes arise in the context of international commercial relations and the parties seek amicable settlement of their disputes by recourse to conciliation. An important feature of the said UNCITRAL Model Law and Rules is that they have harmonised concepts on arbitration and conciliation of different legal systems of the world and thus contain provisions which are designed for universal application.

3. Though the said UNCITRAL Model Law and Rules are intended to deal with international commercial arbitration and conciliation, they could, with appropriate modifications, serve as a model for legislation on domestic arbitration and conciliation. The present Bill seeks to consolidate and amend the law relating to domestic arbitration, international commercial arbitration, enforcement of foreign arbitral awards and to define the law relating to conciliation, taking into account the said UNCITRAL, Model Law and Rules.

4. The main objectives of the Ordinance are as under—

(i) to comprehensively cover international and commercial arbitration and conciliation as also domestic arbitration and conciliation;

(ii) to make provision for an arbitral procedure which is fair, efficient and capable of meeting the needs of the specific arbitration;

(iii) to provide that the arbitral tribunal gives reasons for its arbitral award;

(iv) to ensure that the arbitral tribunal remains within the limits of its jurisdiction;

*The Arbitration and Conciliation Act, 1996*

(v) to minimise the supervisory role of courts in the arbitral process;

(vi) to permit an arbitral tribunal to use mediation, conciliation or other procedures during the arbitral proceedings to encourage settlement of disputes;

(vii) to provide that every final arbitral award is enforced in the same manner as if it were a decree of the court;

(viii) to provide that a settlement agreement reached by the parties as a result of conciliation proceedings will have the same status and effect as an arbitral award on agreed terms on the substance of the dispute rendered by an arbitral tribunal; and

(ix) to provide that, for purposes of enforcement of foreign awards, every arbitral award made in a country to which one of the two international Conventions relating to foreign arbitral awards to which India is a party applies, will be treated as a foreign award.

5. The Ordinance seeks to achieve the above objects.

# The Arbitration and Conciliation Act, 1996[1]

(No. 26 of 1996)

[*16th August, 1996*]

*An Act to consolidate and amend the law relating to domestic arbitration, international commercial arbitration and enforcement of foreign arbitral awards as also to define the law relating to conciliation and for matters connected therewith or incidental thereto.*

## PREAMBLE

WHEREAS the United Nations Commission on International Trade Law (UNCITRAL) has adopted the UNCITRAL Model Law on International Commercial Arbitration in 1985;

AND WHEREAS the General Assembly of the United Nations has recommended that all countries give due consideration to the said Model Law, in view of the desirability of uniformity of the law of arbitral procedures and the specific needs of international commercial arbitration practice;

AND WHEREAS the UNCITRAL has adopted the UNCITRAL Conciliation Rules in 1980;

AND WHEREAS the General Assembly of the United Nations has recommended the use of the said Rules in cases where a dispute arises in the context of international commercial relations and the parties seek an amicable settlement of that dispute by recourse to conciliation;

AND WHEREAS the said Model Law and Rules make significant contribution to the establishment of a unified legal framework for the fair and efficient settlement of disputes arising in international commercial relations;

AND WHEREAS it is expedient to make law respecting arbitration and conciliation, taking into account the aforesaid Model Law and Rules;

BE IT enacted by Parliament in the Forty-seventh year of the Republic of India as follows :—

## PRELIMINARY

**1. Short title, extent and commencement—** (1) This Act may be called the Arbitration and Conciliation Act, 1996.

(2) It extends to the whole of India.

Provided that Parts I, III and IV shall extend to the State of Jammu and Kashmir only in so far as they relate to international commercial arbitration or, as the case may be, international commercial conciliation.

*Explanation—* In this sub-section, the expression "international commercial conciliation" shall have the same meaning as the expression "international

---

1. Published in the Gazette of India, Extraordinary, Part II (1), Sl. No. 55, dt. 19-8-1996.

commercial arbitration" in clause (f) of sub-section (1) of section 2, subject to the modification that for the word "arbitration" occurring therein, the word "conciliation" shall be substituted.

(3) It shall come into force on such date[1] as the Central Government may, by notification in the Official Gazette, appoint.

*Part I*

ARBITRATION

CHAPTER I

GENERAL PROVISIONS

**2. Definitions—** (1) In this Part, unless the context otherwise requires,—

    (a) "arbitration" means any arbitration whether or not administered by permanent arbitral institution;

    (b) "arbitration agreement" means an agreement referred to in section 7;

    (c) 'arbitral award' includes an interim award;

    (d) "arbitral tribunal" means a sole arbitrator or a panel of arbitrators;

    (e) "Court" means the principal Civil Court of original jurisdiction in a district, and includes the High Court in exercise of its ordinary original civil jurisdiction having jurisdiction to decide the questions forming the subject matter of the arbitration if the same had been the subject matter of a suit, but does not include any civil court of a grade inferior to such principal Civil Court, or any Court of Small Causes;

    (f) "international commercial arbitration" means an arbitration relating to disputes arising out of legal relationships, whether contractual or not, considered as commercial under the law in force in India and where at least one of the parties is—

        (i) an individual who is a national of, or habitually resident in, any country other than India; or

        (ii) a body corporate which is incorporated in any country other than India; or

        (iii) a company or an association or a body of individuals whose central management and control is exercised in any country other than India; or

        (iv) the Government of a foreign country;

    (g) "legal representative" means a person who in law represents the estate of a deceased person, and includes any person who intermeddles

---

1. 22.8.1996, *vide* GSR 375 (E), dt. 22.8.1996.

*The Arbitration and Conciliation Act, 1996*                                              5

intermiddles with the estate of the deceased, and, where a party acts in a representative character, the person on whom the estate devolves on the death of the party so acting;

(h) "party" means a party to an arbitration agreement.

### Scope

(2) This Part shall apply where the place of arbitration is in India.

(3) This Part shall not affect any other law for the time being in force by virtue of which certain disputes may not be submitted to arbitration.

(4) This Part except sub-section (1) of section 40, sections 41 and 43 shall apply to every arbitration under any other enactment for the time being in force, as if the arbitration were pursuant to an arbitration agreement and as if that other enactment were an arbitration agreement, except in so far as the provisions of this Part are inconsistent with that other enactment or with any rules made thereunder.

(5) Subject to the provisions of sub-section (4), and save in so far as is otherwise provided by any law for the time being in force or in any agreement in force between India and any other country or countries, this Part shall apply to all arbitrations and to all proceedings relating thereto.

### Construction of references

(6) Where this Part, except section 28, leaves the parties free to determine a certain issue, that freedom shall include the right of the parties to authorise any person including an institution, to determine that issue.

(7) An arbitral award made under this Part shall be considered as a domestic award.

(8) Where this Part—

(a) refers to the fact that the parties have agreed or that they may agree, or

(b) in any other way refers to an agreement of the parties,

that agreement shall include any arbitration rules referred to in that agreement.

(9) Where this Part, other than clause (a) of section 25 or clause (a) of sub-section (2) of section 32, refers to a claim, it shall also apply to a counterclaim, and where it refers to a defence, it shall also apply to a defence to that counterclaim.

**3. Receipt of written communications—** (1) Unless otherwise agree by the parties,—

(a) any written communication is deemed to have been received if it is delivered to the addressee personally or at his place of business, habitual residence or mailing address, and

(b) if none of the places referred to in clause (a) can be found after making a reasonable inquiry, a written communication is deemed to have been received if it is sent to the addressee's last known place of business, habitual residence or mailing address by registered letter or by any other means which provides a record of the attempt to deliver it.

(2) The communication is deemed to have been received on the day it is delivered.

(3) This section does not apply to written communications in respect of proceedings of any judicial authority.

**4. Waiver of right to object—** A party who knows that—

(a) any provision of this Part from which the parties may derogate, or

(b) any requirement under the arbitration agreement,

has not been complied with and yet proceeds with the arbitration without stating his objection to such non-compliance without undue delay or, if a time limit is provided for stating that objection, within that period of time, shall be deemed to have waived his right to so object.

**5. Extent of judicial intervention—** Notwithstanding anything contained in any other law for the time being in force, in matters governed by this Part, no judicial authority shall intervene except where so provided in this Part.

**6. Administrative assistance—** In order to facilitate the conduct of the arbitral proceedings, the parties, or the arbitral tribunal with the consent of the parties, may arrange for administrative assistance by a suitable institution or person.

## CHAPTER II
### ARBITRATION AGREEMENT

**7. Arbitration agreement—** (1) In this Part, "arbitration agreement" means an agreement by the parties to submit to arbitration all or certain disputes which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not.

(2) An arbitration agreement may be in the form of an arbitration clause in a contract or in the form of a separate agreement.

(3) An arbitration agreement shall be in writing.

(4) An arbitration agreement is in writing if it is contained in—

(a) a document signed by the parties;

(b) an exchange of letters, telex, telegrams or other means of telecommunication which provide a record of the agreement; or

*The Arbitration and Conciliation Act, 1996*

7

(c) an exchange of statements of claim and defence in which the existence of the agreement is alleged by one party and not denied by the other.

(5) The reference in a contract to a document containing an arbitration clause constitutes an arbitration agreement if the contract is in writing and the reference is such as to make that arbitration clause part of the contract.

**8. Power to refer parties to arbitration where there is an arbitration agreement—** (1) A judicial authority before which an action is brought in a matter which is the subject of an arbitration agreement shall, if a party so applies not later than when submitting his first statement on the substance of the dispute, refer the parties to arbitration.

(2) The application referred to in sub-section (1) shall not be entertained unless it is accompanied by the original arbitration agreement or a duly certified copy thereof.

(3) Notwithstanding that an application has been made under sub-section (1) and that the issue is pending before the judicial authority, an arbitration may be commenced or continued and an arbitral award made.

**9. Interim measures etc. by court—** A party may, before or during arbitral proceedings or at any time after the making of the arbitral award but before it is enforced in accordance with section 36, apply to a court :—

(i) for the appointment of a guardian for a minor or person of unsound mind for the purposes of arbitral proceedings; or

(ii) for an interim measure of protection in respect of any of the following matters, namely :—

    (a) the preservation, interim custody or sale of any goods which are the subject matter of the arbitration agreement;

    (b) securing the amount in dispute in the arbitration;

    (c) the detention, preservation or inspection of any property or thing which is the subject-matter of the dispute in arbitration, or as to which any question may arise therein and authorising for any of the aforesaid purposes any person to enter upon any land or building in the possession of any party, or authorising any samples to be taken or any observation to be made, or experiment to be tried, which may be necessary or expedient for the purpose of obtaining full information or evidence;

    (d) interim injunction or the appointment of a receiver;

    (e) such other interim measure of protection as may appear to the Court to be just and convenient,

and the Court shall have the same power for making orders as it has for the purpose of, and in relation to, any proceedings before it.

## CHAPTER III
## COMPOSITION OF ARBITRAL TRIBUNAL

**10. Number of arbitrators—** (1) The parties are free to determine the number of arbitrators, provided that such number shall not be an even number.

(2) Failing the determination referred to in sub-section (1), the arbitral tribunal shall consist of a sole arbitrator.

**11. Appointment of arbitrators—** (1) A person of any nationality may be an arbitrator, unless otherwise agreed by the parties.

(2) Subject to sub-section (6), the parties are free to agree on a procedure for appointing the arbitrator or arbitrators.

(3) Failing any agreement referred to in sub-section (2), in an arbitration with three arbitrators, each party shall appoint one arbitrator, and the two appointed arbitrators shall appoint the third arbitrator who shall act as the presiding arbitrator.

(4) If the appointment procedure in sub-section (3) applies and—

   (a) a party fails to appoint an arbitrator within thirty days from the receipt of a request to do so from the other party; or

   (b) the two appointed arbitrators fail to agree on the third arbitrator within thirty days from the date of their appointment,

the appointment shall be made, upon request of a party, by the Chief Justice or any person or institution designated by him.

(5) Failing any agreement referred to in sub-section (2), in an arbitration with a sole arbitrator, if the parties fail to agree on the arbitrator within thirty days from receipt of a request by one party from the other party to so agree the appointment shall be made, upon request of a party, by the Chief Justice or any person or institution designated by him.

(6) Where, under an appointment procedure agreed upon by the parties,—

   (a) a party fails to act as required under that procedure; or

   (b) the parties, or the two appointed arbitrators, fail to reach an agreement expected of them under that procedure; or

   (c) a person, including an institution, fails to perform any function entrusted to him or it under that procedure,

a party may request the Chief Justice or any person or institution designated by him to take the necessary measure, unless the agreement on the appointment procedure provides other means for securing the appointment.

(7) A decision on a matter entrusted by sub-section (4) or sub-section (5) or sub-section (6) to the Chief Justice or the person or institution designated by him is final.

*The Arbitration and Conciliation Act, 1996* 9

(8) The Chief Justice or the person or institution designated by him, in appointing an arbitrator, shall have due regard to—

(a) any qualifications required of the arbitrator by the agreement of the parties; and

(b) other considerations as are likely to secure the appointment of an independent and impartial arbitrator.

(9) In the case of appointment of sole or third arbitrator in an international commercial arbitration, the Chief Justice of India or the person or institution designated by him may appoint an arbitrator of a nationality other than the nationalities of the parties where the parties belong to different nationalities.

(10) The Chief Justice may make such scheme as he may deem appropriate for dealing with matters entrusted by sub-section (4) or sub-section (5) or sub-section (6) to him.

(11) Where more than one request has been made under sub-section (4) or sub-section (5) or sub-section (6) to the Chief Justices of different High Courts or their designates, the Chief Justice or his designate to whom the request has been first made under the relevant sub-section shall alone be competent to decide on the request.

(12) (a) Where the matters referred to in sub-sections (4), (5), (6), (7), (8) and (10) arise in an international commercial arbitration, the reference to "Chief Justice" in those sub-sections shall be construed as a reference to the "Chief Justice of India"

(b) Where the matters referred to in sub-sections (4), (5), (6), (7), (8) and (10) arise in any other arbitration, the reference to "Chief Justice" in those sub-sections shall be construed as a reference to, the Chief Justice of the High Court within whose local limits the principal Civil Court referred to in clause (e) of sub-section (1) of section 2 is situate, and where the High Court itself is the Court referred to in that clause, to the Chief Justice of that High Court.

**12. Grounds for challenge—** (1) When a person is approached in connection with his possible appointment as an arbitrator, he shall disclose in writing any circumstances likely to give rise to justifiable doubts as to his independence or impartiality.

(2) An arbitrator, from the time of his appointment and throughout the arbitral proceedings, shall, without delay, disclose to the parties in writing any circumstances referred to in sub-section (1) unless they have already been informed of them by him.

(3) An arbitrator may be challenged only if—

(a) circumstances exist that give rise to justifiable doubts as to his independence or impartiality, of

(b) he does not possess the qualifications agreed to by the parties.

(4) A party may challenge an arbitrator appointed by him, or in whose appointment he has participated, only for reasons of which he becomes aware after the appointment has been made.

**13. Challenge procedure—** (1) Subject to sub-section (4), the parties are free to agree on a procedure for challenging an arbitrator.

(2) Failing any agreement referred to in sub-section (1), a party who intends to challenge an arbitrator shall, within fifteen days after becoming aware of the constitution of the arbitral tribunal or after becoming aware of any circumstances referred to in sub-section (3) of section 12, send a written statement of the reasons for the challenge to the arbitral tribunal.

(3) Unless the arbitrator challenged under sub-section (2) withdraws from his office or the other party agrees to the challenge, the arbitral tribunal shall decide on the challenge.

(4) If a challenge under any procedure agreed upon by the parties or under the procedure under sub-section (2) is not successful, the arbitral tribunal shall continue the arbitral proceedings and make an arbitral award.

(5) Where an arbitral award is made under sub-section (4), the party challenging the arbitrator may make an application for setting aside such an arbitral award in accordance with section 34.

(6) Where an arbitral award is set aside on an application made under sub-section (5), the Court may decide as to whether the arbitrator who is challenged is entitled to any fees.

**14. Failure or impossibility to act—** (1) The mandate of an arbitrator shall terminate if—

    (a) he becomes *de jure* or *de facto* unable to perform his functions or for other reasons fails to act without undue delay; and

    (b) he withdraws from his office or the parties agree to the termination of his mandate.

(2) If a controversy remains concerning any of the grounds referred to in clause (a) of sub-section (1), a party may, unless otherwise agreed by the parties, apply to the Court to decide on the termination of the mandate.

(3) If, under this section or sub-section (3) of section 13, an arbitrator withdraws from his office or a party agrees to the termination of the mandate of an arbitrator, it shall not imply acceptance of the validity of any ground referred to in this section or sub-section (3) of section 12.

**15. Termination of mandate and substitution of arbitrator—** (1) In addition to the circumstances referred to in section 13 or section 14, the mandate of an arbitrator shall terminate—

    (a) where he withdraws from office for any reason; or

    (b) by or pursuant to agreement of the parties.

(2) Where the mandate of an arbitrator terminates, a substitute arbitrator shall be appointed according to the rules that were applicable to the appointment of the arbitrator being replaced.

· (3) Unless otherwise agreed by the parties, where an arbitrator is replaced under sub-section (2), any hearings previously held may be repeated at the discretion of the arbitral tribunal.

(4) Unless otherwise agreed by the parties, an order or ruling of the arbitral tribunal made prior to the replacement of an arbitrator under this section shall not be invalid solely because there has been a change in the composition of the arbitral tribunal.

## CHAPTER IV

### JURISDICTION OF ARBITRAL TRIBUNALS

**16. Competence of arbitral tribunal to rule on its jurisdiction—** (1) The arbitral tribunal may rule on its own jurisdiction, including ruling on any objections with respect to the existence or validity of the arbitration agreement, and for that purpose,—

    (a) an arbitration clause which forms part of a contract shall be treated as an agreement independent of the other terms of the contract; and

    (b) a decision by the arbitral tribunal that the contract is null and void shall not entail *ipso jure* the invalidity of the arbitration clause.

(2) A plea that the arbitral tribunal does not have jurisdiction shall be raised not later than the submission of the statement of defence; however, a party shall not be precluded from raising such a plea merely because that he has appointed, or participated in the appointment of, an arbitrator.

(3) A plea that the arbitral tribunal is exceeding the scope of its authority shall be raised as soon as the matter alleged to be beyond the scope of its authority is raised during the arbitral proceedings.

(4) The arbitral tribunal may, in either of the cases referred to in sub-section (2) or sub-section (3), admit a later plea if it considers the delay justified.

(5) The arbitral tribunal shall decide on a plea referred to in sub-section (2) or sub-section (3) and, where the arbitral tribunal takes a decision rejecting the plea, continue with the arbitral proceedings and make an arbitral award.

(6) A party aggrieved by such an arbitral award may make an application for setting aside such an arbitral award in accordance with section 34.

**17. Interim measures ordered by arbitral tribunal—** (1) Unless otherwise agreed by the parties, the arbitral tribunal may, at the request of a party, order a party to take any interim measure of protection as the arbitral tribunal may consider necessary in respect of the subject matter of the dispute.

(2) The arbitral tribunal may require a party to provide appropriate security in connection with a measure ordered under sub-section (1).

## CHAPTER V
### CONDUCT OF ARBITRAL PROCEEDINGS

**18. Equal treatment of parties—** The parties shall be treated with equality and each party shall be given a full opportunity to present his case.

**19. Determination of rules of procedure—** (1) The arbitral tribunal shall not be bound by the Code of Civil Procedure, 1908 (5 of 1908) or the Indian Evidence Act, 1872 (1 of 1872).

(2) Subject to this Part, the parties are free to agree on the procedure to be followed by the arbitral tribunal in conducting its proceedings.

(3) Failing any agreement referred to in sub-section (2), the arbitral tribunal may, subject to this Part, conduct the proceedings in the manner it considers appropriate.

(4) The power of the arbitral tribunal under sub-section (3) includes the power to determine the admissibility, relevance, materiality and weight of any evidence.

**20. Place of arbitration—** (1) The parties are free to agree on the place of arbitration.

(2) Failing any agreement referred to in sub-section (1), the place of arbitration shall be determined by the arbitral tribunal having regard to the circumstances of the case, including the convenience of the parties.

(3) Notwithstanding sub-section (1) or sub-section (2), the arbitral tribunal may, unless otherwise agreed by the parties, meet at any place it considers appropriate for consultation among its members, for hearing witnesses, experts or the parties, or for inspection of documents, goods or other property.

**21. Commencement of arbitral proceedings—** Unless otherwise agreed by the parties, the arbitral proceedings in respect of a particular dispute commence on the date on which a request for that dispute to be referred to arbitration is received by the respondent.

**22. Language—** (1) The parties are free to agree upon the language or languages to be used in the arbitral proceedings.

(2) Failing any agreement referred to in sub-section (1), the arbitral tribunal shall determine the language or languages to be used in the arbitral proceedings.

(3) The agreement or determination, unless otherwise specified, shall apply to any written statement by a party, and hearing and any arbitral award, decision or other communication by the arbitral tribunal.

(4) The arbitral tribunal may order that any documentary evidence shall be accompanied by a translation into the language or languages agreed upon by the parties or determined by the arbitral tribunal.

*The Arbitration and Conciliation Act, 1996*

13

**23. Statements of claim and defence—** (1) Within the period of time agreed upon by the parties or determined by the arbitral tribunal, the claimant shall state the facts supporting his claim, the points at issue and the relief or remedy sought, and the respondent shall state his defence in respect of these particulars, unless the parties have otherwise agreed as to the required elements of those statements.

(2) The parties may submit with their statements all documents they consider to be relevant or may add a reference to the documents or other evidence they will submit.

(3) Unless otherwise agreed by the parties, either party may amend or supplement his claim or defence during the course of the arbitral proceedings, unless the arbitral tribunal considers it in inappropriate to allow the amendment. or supplement having regard to the delay in making it.

**24. Hearings and written proceedings—** (1) Unless otherwise agreed by the parties, the arbitral tribunal shall decide whether to hold oral hearings for the presentation of evidence or for oral argument, or whether the proceedings shall be conducted on the basis of documents and other materials.

Provided that the arbitral tribunal shall hold oral hearings, at an appropriate stage of the proceedings, on a request by a party, unless the parties have agreed that no oral hearing shall be held.

(2) The parties shall be given sufficient advance notice of any hearing and of any meeting of the arbitral tribunal for the purposes of inspection of documents, goods or other property.

(3) All statements, documents or other information supplied to, or applications made to the arbitral tribunal by one party shall be communicated to the other party, and any expert report or evidentiary document on which the arbitral tribunal may rely in making its decision shall be communicated to the parties.

**25. Default of a party—** Unless otherwise agreed by the parties, where, without showing sufficient cause,—

    (a) the claimant fails to communicate his statement of claim in accordance with sub-section (1) of section 23, the arbitral tribunal shall terminate the proceedings;

    (b) the respondent fails to communicate his statement of defence in accordance with sub-section (1) of section 23, the arbitral tribunal shall continue the proceedings without treating that failure in itself as an admission of the allegations by the claimant;

    (c) a party fails to appear at an oral hearing or to produce documentary evidence, the arbitral tribunal may continue the proceedings and make the arbitral award on the evidence before it.

**26. Expert appointed by arbitral tribunal—** (1) Unless otherwise agreed by the parties, the arbitral tribunal may—

(a) appoint one or more experts to report to it on specific issues to be determined by the arbitral tribunal, and

(b) require a party to give the expert any relevant information or to produce, or to provide access to, any relevant documents, goods or other property for his inspection.

(2) Unless otherwise agreed by the parties, if a party so requests or if the arbitral tribunal considers it necessary, the expert shall, after delivery of his written or oral report, participate in an oral hearing where the parties have the opportunity to put questions to him and to present expert witnesses in order to testify on the points at issue.

(3) Unless otherwise agreed by the parties, the expert shall, on the request of a party, make available to the party for examination all documents, goods or other property in the possession of the expert with which he was provided in order to prepare his report.

**27. Court assistance in taking evidence—** (1) The arbitral tribunal, or a party with the approval of the arbitral tribunal, may apply to the Court for assistance in taking evidence.

(2) The application shall specify—

(a) the names and addresses of the parties and the arbitrators;

(b) the general nature of the claim and the relief sought;

(c) the evidence to be obtained, in particular,—

(i) the name and address of any person to be heard as witness or expert witness and a statement of the subject-matter of the testimony required;

(ii) the description of any document to be produced or property to be inspected.

(3) The Court may, within its competence and according to its rules on taking evidence, execute the request by ordering that the evidence be provided directly to the arbitral tribunal.

(4) The Court may, while making an order under sub-section (3), issue the same processes to witnesses as it may issue in suits tried before it.

(5) Persons failing to attend in accordance with such process, or making any other default, or refusing to give their evidence, or guilty of any contempt to the arbitral tribunal during the conduct of arbitral proceedings, shall be subject to the like disadvantages, penalties and punishments by order of the Court on the representation of the arbitral tribunal as they would incur for the like offences in suits tried before the Court.

(6) In this section the expression "Processes" includes summonses and commissions for the examination of witnesses and summonses to produce documents.

## CHAPTER VI

## MAKING OF ARBITRAL AWARD AND TERMINATION OF PROCEEDINGS

**28. Rules applicable to substance of dispute—** (1) Where the place of arbitration is situate in India,—

(a) in an arbitration other than an international commercial arbitration, the arbitral tribunal shall decide the dispute submitted to arbitration in accordance with the substantive law for the time being in force in India;

(b) in international commercial arbitration,—

(i) the arbitral tribunal shall decide the dispute in accordance with the rules of law designated by the parties as applicable to the substance of the dispute;

(ii) any designation by the parties of the law or legal system of a given country shall be construed, unless otherwise expressed, as directly referring to the substantive law of that country and not to its conflict of laws rules;

(iii) failing any designation of the law under clause (a) by the parties, the arbitral tribunal shall apply the rules of law it considers to be appropriate given all the circumstances surrounding the dispute.

(2) The arbitral tribunal shall decide *ex aequo et bono* or as *amiable compositeur* only if the parties have expressly authorised it to do so.

(3) In all cases, the arbitral tribunal shall decide in accordance with the terms of the contract and shall take into account the usages of the trade applicable to the transaction.

**29. Decision making by panel of arbitrators—** (1) Unless otherwise agreed by the parties, in arbitral proceedings with more than one arbitrator, any decision of the arbitral tribunal shall be made by a majority of all its members.

(2) Notwithstanding sub-section (1), if authorised by the parties or all the members of the arbitral tribunal, questions of procedure may be decided by the presiding arbitrator.

**30. Settlement—** (1) It is not incompatible with an arbitration agreement for an arbitral tribunal to encourage settlement of the dispute and, with the agreement of the parties, the arbitral tribunal may use mediation, conciliation or other procedures at any time during the arbitral proceedings to encourage settlement.

(2) If, during arbitral proceedings, the parties settle the dispute, the arbitral tribunal shall terminate the proceedings and, if requested by the parties and not objected to by the arbitral tribunal, record the settlement in the form of an arbitral award on agreed terms.

(3) An arbitral award on agreed terms shall be made in accordance with section 31 and shall state that it is an arbitral award.

(4) An arbitral award on agreed terms shall have the same status and effect as any other arbitral award on the substance of the dispute.

**31. Form and contents of arbitral award—** (1) An arbitral award shall be made in writing and shall be signed by the members of the arbitral tribunal.

(2) For the purposes of sub-section (1), in arbitral proceedings with more than one arbitrator, the signatures of the majority of all the members of the arbitral tribunal shall be sufficient so long as the reason for any omitted signature is stated.

(3) The arbitral award shall state the reasons upon which it is based, unless—

    (a) the parties have agreed that no reasons are to be given, or

    (b) the award is an arbitral award on agreed terms under section 30.

(4) The arbitral award shall state its date and the place of arbitration as determined in accordance with section 20 and the award shall be deemed to have been made at that place.

(5) After the arbitral award in made, a signed copy shall be delivered to each party.

(6) The arbitral tribunal may, at any time during the arbitral proceedings, make an interim arbitral award on any matter with respect to which it may make a final arbitral award.

(7) (a) Unless otherwise agreed by the parties, where and in so far as an arbitral award is for the payment of money, the arbitral tribunal may include in the sum for which the award is made interest, at such rate as it deems reasonable, on the whole or any part of the money, for the whole or any part of the period between the date on which the cause of action arose and the date on which the award is made.

    (b) A sum directed to be paid by an arbitral award shall, unless the award otherwise directs, carry interest at the rate of eighteen per centum per annum from the date of the award to the date of payment.

(8) Unless otherwise agreed by the parties,—

    (a) the costs of an arbitration shall be fixed by the arbitral tribunal;

    (b) the arbitral tribunal shall specify—

        (i) the party entitled to costs,

        (ii) the party who shall pay the costs,

        (iii) the amount of costs or method of determining the amount, and

        (iv) the manner in which the costs shall be paid.

*The Arbitration and Conciliation Act, 1996*                                                                17

*Explanation*— For the purpose of clause (a), "costs" means reasonable costs relating to—

(i) the fees and expenses of the arbitrators and witnesses,

(ii) legal fees and expenses,

(iii) any administration fees of the institution supervising the arbitration, and

(iv) any other expenses incurred in connection with the arbitral proceedings and the arbitral award.

**32. Termination of proceedings**— (1) The arbitral proceedings shall be terminated by the final arbitral award or by an order of the arbitral tribunal under sub-section (2).

(2) The arbitral tribunal shall issue an order for the termination of the arbitral proceedings where—

(a) the claimant withdraws his claim, unless the respondent objects to the order and the arbitral tribunal recognises a legitimate interest on his part in obtaining a final settlement of the dispute,

(b) the parties agree on the termination of the proceedings, or

(c) the arbitral tribunal finds that the continuation of the proceedings has for any other reason become unnecessary or impossible.

(3) Subject to section 33 and sub-section (4) of section 34, the mandate of the arbitral tribunal shall terminate with the termination of the arbitral proceedings.

**33. Correction and interpretation of award, additional award**— (1) Within thirty days from the receipt of the arbitral award, unless another period of time has been agreed upon by the parties—

(a) a party, with notice to the other party, may request the arbitral tribunal to correct any computation errors, any clerical or typographical errors or any other errors of a similar nature occurring in the award;

(b) if so agreed by the parties, a party, with notice to the other party, may request the arbitral tribunal to give an interpretation of a specific point or part of the award.

(2) If the arbitral tribunal considers the request made under sub-section (1) to be justified, it shall make the correction or give the interpretation within thirty days from the receipt of the request and the interpretation shall form part of the arbitral award.

(3) The arbitral tribunal may correct any error of the type referred to in clause (a) of sub-section (1), on its own initiative, within thirty days from the date of the arbitral award.

(4) Unless otherwise agreed by the parties, a party with notice to the other party, may request, within thirty days from the receipt of the arbitral award, the arbitral tribunal to make an additional arbitral award as to claims presented in the arbitral proceedings but omitted from the arbitral award.

(5) If the arbitral tribunal considers the request made under sub-section (4) to be justified, it shall make the additional arbitral award within sixty days from the receipt of such request.

(6) The arbitral tribunal may extend, if necessary, the period of time within which it shall make a correction, give an interpretation or make an additional arbitral award under sub-section (2) or sub-section (5).

(7) Section 31 shall apply to a correction or interpretation of the arbitral award or to an additional arbitral award made under this section.

## CHAPTER VII

### RECOURSE AGAINST ARBITRAL AWARD

**34. Application for setting aside arbitral award**— (1) Recourse to a Court against an arbitral award may be made only by an application for setting aside such award in accordance with sub-section (2) and sub-section (3).

(2) An arbitral award may be set aside by the Court only if—

(a) the party making the application furnishes proof that—

   (i) a party was under some incapacity, or

   (ii) the arbitration agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law for the time being in force; or

   (iii) the party making the application was not given proper notice of the appointment of an arbitrator or of the arbitral proceedings or was otherwise unable to present his case; or

   (iv) the arbitral award deals with a dispute not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration.

   Provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, only that part of the arbitral award which contains decisions on matters not submitted to arbitration may be set aside; or

   (v) the composition of the arbitral tribunal or the arbitral procedure was not in accordance with the agreement of the parties, unless such agreement was in conflict with a provision of this Part from which the parties cannot derogate, or, failing such agreement, was not in accordance with this Part; or

*The Arbitration and Conciliation Act, 1996*                    19

(b) the Court finds that—

    (i) the subject-matter of the dispute is not capable of settlement by arbitration under the law for the time being in force, or

    (ii) the arbitral award is in conflict with the public policy of India.

*Explanation*— Without prejudice to the generality of sub-clause (ii), it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption or was in violation of section 75 or section 81.

(3) An application for setting aside may not be made after three months have elapsed from the date on which the party making that application had received the arbitral award or, if a request had been made under section 33, from the date on which that request had been disposed of by the arbitral tribunal.

Provided that if the Court is satisfied that the applicant was prevented by sufficient cause from making the application within the said period of three months it may entertain the application within a further period of thirty days, but not thereafter.

(4) On receipt of an application under sub-section (1), the Court may, where it is appropriate and it is so requested by a party, adjourn the proceedings for a period of time determined by it in order to give the arbitral tribunal an opportunity to resume the arbitral proceedings or to take such other action as in the opinion of arbitral tribunal will eliminate the grounds for setting aside the arbitral award.

## CHAPTER VIII

### FINALITY AND ENFORCEMENT OF ARBITRAL AWARDS

**35. Finality of arbitral awards—** Subject to this Part an arbitral award shall be final and binding on the parties and persons claiming under them respectively.

**36. Enforcement—** Where the time for making an application to set aside the arbitral award under Section 34 has expired, or such application having been made, it has been refused, the award shall be enforced under the Code of Civil Procedure, 1908 (5 of 1908) in the same manner as if it were a decree of the Court.

## CHAPTER IX

### APPEALS

**37. Appealable orders—** (1) An appeal shall lie from the following orders (and from no others) to the Court authorised by law to hear appeals from original decrees of the Court passing the order, namely :—

    (a) granting or refusing to grant any interim measure under section 9;

    (b) setting aside or refusing to set aside an arbitral award under section 34.

(2) Appeal shall also lie to a court from an order of the arbitral tribunal—

    (a) accepting the plea referred to in sub-section (2) or sub-section (3) of section 16; or

(b) granting or refusing to grant an interim measure under section 17.

(3) No second appeal shall lie from an order passed in appeal under this section, but nothing in this section shall affect or take away any right to appeal to the Supreme Court.

## CHAPTER X

## MISCELLANEOUS

**38. Deposits**— (1) The arbitral tribunal may fix the amount of the deposit or supplementary deposit, as the case may be, as an advance for the costs referred to in sub-section (8) of section 31, which it expects will be incurred in respect of the claim submitted to it :

Provided that where, apart from the claim, a counter-claim has been submitted to the arbitral tribunal, it may fix separate amount of deposit for the claim and counter-claim.

(2) The deposit referred to in sub-section (1) shall be payable in equal shares by the parties.

Provided that where one party fails to pay his share of the deposit, the other party may pay that share.

Provided further that where the other party also does not pay the aforesaid share in respect of the claim or the counter-claim, the arbitral tribunal may suspend or terminate the arbitral proceedings in respect of such claim or counter-claim, as the case may be.

(3) Upon termination of the arbitral proceedings, the arbitral tribunal shall render an accounting to the parties of the deposits received and shall return any unexpended balance to the party or parties, as the case may be.

**39. Lien on arbitral award and deposits as to costs**— (1) Subject to the provisions of sub-section (2) and to any provision to the contrary in the arbitration agreement, the arbitral tribunal shall have a lien on the arbitral award for any unpaid costs of the arbitration.

(2) If in any case an arbitral tribunal refuses to deliver its award except on payment of the costs demanded by it, the Court may, on an application in this behalf, order that the arbitral tribunal shall deliver the arbitral award to the applicant on payment into Court by the applicant of the costs demanded, and shall, after such inquiry, if any, as it thinks fit, further order that out of the money so paid into Court there shall be paid to the arbitral tribunal by way of costs such sum as the Court may consider reasonable and that the balance of the money, if any, shall be refunded to the applicant.

(3) An application under sub-section (2) may be made by any party unless the fees demanded have been fixed by written agreement between him and the arbitral tribunal, and the arbitral tribunal shall be entitled to appear and be heard on any such application.

(4) The Court may make such orders as it thinks fit respecting the costs of the arbitration where any question arises respecting such costs and the arbitral award contains no sufficient provision concerning them.

**40. Arbitration agreement not to be discharged by death of party thereto—** (1) An arbitration agreement shall not be discharged by the death of any party thereto either as respects the deceased or as respects any other party, but shall in such event be enforceable by or against the legal representative of the deceased.

(2) The mandate of an arbitrator shall not be terminated by the death of any party by whom he was appointed.

(3) Nothing in this section shall affect the operation of any law by virtue of which any right of action is extinguished by the death of a person.

**41. Provisions in case of insolvency—** (1) Where it is provided by a term in a contract to which an insolvent is a party that any dispute arising thereout or in connection therewith shall be submitted to arbitration, the said term shall, if the receiver adopts the contract, be enforceable by or against him so far as it relates to any such dispute.

(2) Where a person who has been adjudged an insolvent had, before the commencement of the insolvency proceedings, become a party to an arbitration agreement, and any matter to which the agreement applies is required to be determined in connection with, or for the purposes of, the insolvency proceedings, then, if the case is one to which sub-section (1) does not apply, any other party or the receiver may apply to the judicial authority having jurisdiction in the insolvency proceedings for an order directing that the matter in question shall be submitted to arbitration in accordance with the arbitration agreement, and the judicial authority may, if it is of opinion that, having regard to all the circumstances of the case, the matter ought to be determined by arbitration, make an order accordingly.

(3) In this section the expression "receiver" includes an Official Assignee.

**42. Jurisdiction—** Notwithstanding anything contained elsewhere in this Part or in any other law for the time being in force, where with respect to an arbitration agreement any application under this Part has been made in a Court, that Court alone shall have jurisdiction over the arbitral proceedings and all subsequent applications arising out of that agreement and the arbitral proceedings shall be made in that Court and in no other Court.

**43. Limitations—** (1) The Limitation Act, 1963 (36 of 1963), shall apply to arbitrations as it applies to proceedings in Court.

(2) For the purposes of this section and the Limitation Act, 1963 (36 of 1963), an arbitration shall be deemed to have commenced on the date referred in section 21.

(3) Where an arbitration agreement to submit future disputes to arbitration provides that any claim to which the agreement applies shall be barred unless

some step to commence arbitral proceedings is taken within a time fixed by the agreement, and a dispute arises to which the agreement applies, the Court, if it is of opinion that in the circumstances of the case undue hardship would otherwise be caused, and notwithstanding that the time so fixed has expired, may on such terms, if any, as the justice of the case may require, extend the time for such period as it thinks proper.

(4) Where the Court orders that an arbitral award be set aside, the period between the commencement of the arbitration and the date of the order of the Court shall be excluded in computing the time prescribed by the Limitation Act, 1963 (36 of 1963), for the commencement of the proceedings (including arbitration) with respect to the dispute so submitted.

*Part II*

## ENFORCEMENT OF CERTAIN FOREIGN AWARDS

### CHAPTER I

### NEW YORK CONVENTION AWARDS

**44. Definition—** In this Chapter, unless the context otherwise requires, "foreign award" means an arbitral award on differences between persons arising out of legal relationships, whether contractual or not, considered as commercial under the law in force in India, made on or after the 11th day of October, 1960—

(a) in pursuance of an agreement in writing for arbitration to which the Convention set forth in the First Schedule applies, and

(b) in one of such territories as the Central Government, being satisfied that reciprocal provisions have been made may, by notification in the Official Gazette, declare to be territories to which the said Convention applies.

**45. Power of judicial authority to refer parties to arbitration—** Notwithstanding anything contained in Part I or in the Code of Civil Procedure, 1908 (5 of 1908), a judicial authority, when seized of an action in a matter in respect of which the parties have made an agreement referred to in section 44, shall, at the request of one of the parties or any person claiming through or under him, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

**46. When foreign award binding—** Any foreign award which would be enforceable under this Chapter shall be treated as binding for all purposes on the persons as between whom it was made, and may accordingly be relied on by any of those persons by way of defence, set off or otherwise in any legal proceedings in India and any references in this Chapter to enforcing a foreign award shall be construed as including references to relying on an award.

**47. Evidence—** (1) The party applying for the enforcement of a foreign award shall, at the time of the application, produce before the Court—

(a) the original award or a copy thereof, duly authenticated in the manner required by the law of the country in which it was made;

(b) the original agreement for arbitration or a duly certified copy thereof; and

(c) such evidence as may be necessary to prove that the award is a foreign award.

(2) If the award or agreement to be produced under sub-section (1) is in a foreign language, the party seeking to enforce the award shall produce a translation into English certified as correct by a diplomatic or consular agent of the country to which that party belongs or certified as correct in such other manner as may be sufficient according to the law in force in India.

*Explanation*— In this section and all the following sections of this Chapter, "Court" means the principal Civil Court of original jurisdiction in a district, and includes the High Court in exercise of its ordinary original civil jurisdiction, having jurisdiction over the subject-matter of the award if the same had been the subject-matter of a suit, but does not include any civil court of a grade inferior to such principal Civil Court, or any Court of Small Causes.

**48. Conditions for enforcement of foreign awards**— (1) Enforcement of a foreign award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the court proof that—

(a) the parties to the agreement referred to in section 44 were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitral proceedings or was otherwise unable to present his case; or

(c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration:

Provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be enforced; or

(d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

*The Arbitration and Conciliation Act, 1996*

(e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

(2) Enforcement of an arbitral award may also be refused if the Court finds that—

(a) the subject-matter of the difference is not capable of settlement by arbitration under the law of India; or

(b) the enforcement of the award would be contrary to the public policy of India.

*Explanation*— Without prejudice to the generality of clause (b) of this section, it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption.

(3) If an application for the setting aside or suspension of the award has been made to a competent authority referred to in clause (e) of sub-section (1) the Court may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

**49. Enforcement of foreign awards—** Where the Court is satisfied that the foreign award is enforceable under this Chapter, the award shall be deemed to be a decree of that Court.

**50. Appealable orders—** (1) An appeal shall lie from the order refusing to—

(a) refer the parties to arbitration under section 45;

(b) enforce a foreign award under section 48,

to the court authorised by law to hear appeals from such order.

(2) No second appeal shall lie from an order passed in appeal under this section, but nothing in this section shall affect or take away any right to appeal to the Supreme Court.

**51. Saving—** Nothing in this Chapter shall prejudice any rights which any person would have had of enforcing in India of any award or of availing himself in India of any award if this Chapter had not been enacted.

**52. Chapter II not to apply—** Chapter II of this Part shall not apply in relation to foreign awards to which this Chapter applies.

## CHAPTER II

### GENEVA CONVENTION AWARDS

**53. Interpretation—** In this Chapter "foreign award" means an arbitral award on differences relating to matters considered as commercial under the law in force in India made after the 28th day of July, 1924—

(a) in pursuance of an agreement for arbitration to which the Protocol set forth in the Second Schedule applies, and

(b) between persons of whom one is subject to the jurisdiction of some one of such Powers as the Central Government, being satisfied that reciprocal provisions have been made, may, by notification in the Official Gazette, declare to be parties to the Convention set forth in the Third Schedule, and of whom the other is subject to the jurisdiction of some other of the Powers aforesaid, and

(c) in one of such territories as the Central Government, being satisfied that reciprocal provisions have been made, may, by like notification, declare to be territories to which the said Convention applies,

and for the purposes of this Chapter an award shall not be deemed to be final if any proceedings for the purpose of contesting the validity of the award are pending in the country in which it was made.

**54. Power of judicial authority to refer parties to arbitration—** Notwithstanding anything contained in Part I or in the Code of Civil Procedure, 1908 (5 of 1908), a judicial authority, on being seized of a dispute regarding a contract made between persons to whom section 53 applies and including an arbitration agreement, whether referring to present or future differences, which is valid under that section and capable of being carried into effect, shall refer the parties on the application of either of them or any person claiming through or under him to the decision of the arbitrators and such reference shall not prejudice the competence of the judicial authority in case the agreement or the arbitration cannot proceed or becomes inoperative.

**55. Foreign awards when binding—** Any foreign award which would be enforceable under this Chapter shall be treated as binding for all purposes on the persons as between whom it was made, and may accordingly be relied on by any of those persons by way of defence, set off or otherwise in any legal proceedings in India and any references in this Chapter to enforcing a foreign award shall be construed as including references to relying on an award.

**56. Evidence—** (1) The party applying for the enforcement of a foreign award shall, at the time of application, produce before the Court—

(a) the original award or a copy thereof duly authenticated in the manner required by the law of the country in which it was made;

(b) evidence proving that the award has become final; and

(c) such evidence as may be necessary to prove that the conditions mentioned in clauses (a) and (c) of sub-section (1) of section 57 are satisfied.

(2) Where any document requiring to be produced under sub-section (1) is in a foreign language, the party seeking to enforce the award shall produce a

translation into English certified as correct by a diplomatic or consular agent of the country to which the party belongs or certified as correct in such other manner as may be sufficient according to the law in force in India.

*Explanation*— In this section and all the following sections of this Chapter, "Court" means the principal Civil Court of original jurisdiction, in a district, and includes the High Court in exercise of its ordinary original civil jurisdiction, having jurisdiction over the subject-matter of the award if the same had been the subject-matter of a suit, but does not include any civil court of a grade inferior to such principal Civil Court, or any Court of Small Causes.

**57. Conditions for enforcement of foreign awards**— (1) In order that a foreign award may be enforceable under this Chapter, it shall be necessary that—

(a) the award has been made in pursuance of a submission to arbitration which is valid under the law applicable thereto;

(b) the subject-matter of the award is capable of settlement by arbitration under the law of India;

(c) the award has been made by the arbitral tribunal provided for in the submission to arbitration or constituted in the manner agreed upon by the parties and in conformity with the law governing the arbitration procedure;

(d) the award has become final in the country in which it has been made, in the sense that it will not be considered as such if it is open to opposition or appeal or if it is proved that any proceedings for the purpose of contesting the validity of the award are pending;

(e) the enforcement of the award is not contrary to the public policy or the law of India.

*Explanation*— Without prejudice to the generality of clause (e), it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption.

(2) Even if the conditions laid down in sub-section (1) are fulfilled, enforcement of the award shall be refused if the Court is satisfied that—

(a) the award has been annulled in the country in which it was made;

(b) the party against whom it is sought to use the award was not given notice of the arbitration proceedings in sufficient time to enable him to present his case; or that, being under a legal incapacity, he was not properly represented;

(c) the award does not deal with the differences contemplated by or falling within the terms of the submission to arbitration or that it contains decisions on matters beyond the scope of the submission to arbitration.

Provided that if the award has not covered all the differences submitted to the arbitral tribunal, the Court may, if it thinks fit, postpone such enforcement or grant it subject to such guarantee as the Court may decide.

(3) If the party against whom the award has been made proves that under the law governing the arbitration procedure there is a ground, other than the grounds referred to in clauses (a) and (c) of sub-section (1) and clauses (b) and (c) of sub-section (2) entitling him to contest the validity of the award, the Court may, if it thinks fit, either refuse enforcement of the award or adjourn the consideration thereof, giving such party a reasonable time within which to have the award annulled by the competent tribunal.

**58. Enforcement of foreign awards—** Where the Court is satisfied that the foreign award is enforceable under this Chapter, the award shall be deemed to be a decree of the Court.

**59. Appealable orders—** (1) An appeal shall lie from the order refusing—

(a)  to refer the parties to arbitration under section 54; and

(b)  to enforce a foreign award under section 57,

to the court authorised by law to hear appeals from such order.

(2) No second appeal shall lie from an order passed in appeal under this section, but nothing in this section shall affect or take away any right to appeal to the Supreme Court.

**60. Saving—** Nothing in this Chapter shall prejudice any rights which any person would have had of enforcing in India of any award or of availing himself in India of any award if this Chapter had not been enacted.

## Part III
## CONCILIATION

**61. Application and scope—** (1) Save as otherwise provided by any law for the time being in force and unless the parties have otherwise agreed, this Part shall apply to conciliation of disputes arising out of legal relationship, whether contractual or not and to all proceedings relating thereof.

(2) This Part shall not apply where by virtue of any law for the time being in force certain disputes may not be submitted to conciliation.

**62. Commencement of conciliation proceedings—** (1) The party initiating conciliation shall send to the other party a written invitation to conciliate under this Part, briefly identifying the subject of the dispute.

(2) Conciliation proceedings shall commence when the other party accepts in writing the invitation to conciliate.

(3) If the other party rejects the invitation, there will be no conciliation proceedings.

(4) If the party initiating conciliation does not receive a reply within thirty days from the date on which he sends the invitation, or within such other period of time as specified in the invitation, he may elect to treat this as a rejection of the invitation to conciliate and if he so elects, he shall inform in writing the other party accordingly.

**63. Number of conciliators—** (1) There shall be one conciliator unless the parties agree that there shall be two or three conciliators.

(2) Where there is more than one conciliator, they ought, as a general rule, to act jointly.

**64. Appointment of conciliators—** (1) Subject to sub-section (2)—

(a) in conciliation proceedings with one conciliator, the parties may agree on the name of a sole conciliator;

(b) in conciliation proceedings with two conciliators, each party may appoint one conciliator;

(c) in conciliation proceedings with three conciliators, each party may appoint one conciliator and the parties may agree on the name of the third conciliator who shall act as the presiding conciliator.

(2) Parties may enlist the assistance of a suitable institution or person in connection with the appointment of conciliators, and in particular,—

(a) a party may request such an institution or person to recommend the names of suitable individuals to act as conciliator; or

(b) the parties may agree that the appointment of one or more conciliators be made directly by such an institution or person.

Provided that in recommending or appointing individuals to act as conciliator, the institution or person shall have regard to such considerations as are likely to secure the appointment of an independent and impartial conciliator and, with respect to a sole or third conciliator, shall take into account the advisability of appointing a conciliator of a nationality other than the nationalities of the parties.

**65. Submission of statements to conciliator—** (1) The conciliator, upon his appointment, may request each party to submit to him a brief written statement describing the general nature of the dispute and the points at issue. Each party shall send a copy of such statement to the other party.

(2) The conciliator may request each party to submit to him a further written statement of his position and the facts and grounds in support thereof, supplemented by any documents and other evidence that such party deems appropriate. The party shall send a copy of such statement, documents and other evidence to the other party.

(3) At any stage of the conciliation proceedings, the conciliator may request a party to submit to him such additional information as he deems appropriate.

*The Arbitration and Conciliation Act, 1996*    29

*Explanation—* In this section and all the following sections of this Part, the term "conciliator" applies to a sole conciliator, two or three conciliators as the case may be.

**66. Conciliator not bound by certain enactments—** The conciliator is not bound by the Code of Civil Procedure, 1908 (5 of 1908) or the Indian Evidence Act, 1872 (1 of 1972).

**67. Role of conciliator—** (1) The conciliator shall assist the parties in an independent and impartial manner in their attempt to reach an amicable settlement of their dispute.

(2) The conciliator shall be guided by principles of objectivity, fairness and justice, giving consideration to, among other things, the rights and obligations of the parties, the usages of the trade concerned and the circumstances surrounding the dispute, including any previous business practices between the parties.

(3) The conciliator may conduct the conciliation proceedings in such a manner as he considers appropriate, taking into account the circumstances of the case, the wishes the parties may express, including any request by a party that the conciliator hear oral statements, and the need for a speedy settlement of the dispute.

(4) The conciliator may, at any stage of the conciliation proceedings, make proposals for a settlement of the dispute. Such proposals need not be in writing and need not be accompanied by a statement of the reasons therefor.

**68. Administrative assistance—** In order to facilitate the conduct of the conciliation proceedings, the parties, or the conciliator with the consent of the parties, may arrange for administrative assistance by a suitable institution or person.

**69. Communication between conciliator and parties—** (1) The conciliator may invite the parties to meet him or may communicate with them orally or in writing. He may meet or communicate with the parties together or with each of them separately.

(2) Unless the parties have agreed upon the place where meetings with the conciliator are to be held, such place shall be determined by the conciliator, after consultation with the parties, having regard to the circumstances of the conciliation proceedings.

**70. Disclosure of information—** When the conciliator receives factual information concerning the dispute from a party, he shall disclose the substance of that information to the other party in order that the other party may have the opportunity to present any explanation which he considers appropriate.

Provided that when a party gives any information to the conciliator subject to a specific condition that it be kept confidential, the conciliator shall not disclose that information to the other party.

**71. Co-operation of parties with conciliator—** The parties shall in good faith co-operate with the conciliator and, in particular, shall endeavour to comply with requests by the conciliator to submit written materials, provide evidence and attend meetings.

**72. Suggestions by parties for settlement of dispute—** Each party may, on his own initiative or at the invitation of the conciliator, submit to the conciliator suggestions for the settlement of the dispute.

**73. Settlement agreement—** (1) When it appears to the conciliator that there exist elements of a settlement which may be acceptable to the parties, he shall formulate the terms of a possible settlement and submit them to the parties for their observations. After receiving the observations of the parties, the conciliator may reformulate the terms of a possible settlement in the light of such observations.

(2) If the parties reach agreement on a settlement of the dispute, they may draw up and sign a written settlement agreement. If requested by the parties, the conciliator may draw up, or assist the parties in drawing up, the settlement agreement.

(3) When the parties sign the settlement agreement, it shall be final and binding on the parties and persons claiming under them respectively.

(4) The conciliator shall authenticate the settlement agreement and furnish a copy thereof to each of the parties.

**74. Status and effect of settlement agreement—** The settlement agreement shall have the same status and effect as if it is an arbitral award on agreed terms on the substance of the dispute rendered by an arbitral tribunal under section 30.

**75. Confidentiality—** Notwithstanding anything contained in any other law for the time being in force, the conciliator and the parties shall keep confidential all matters relating to the conciliation proceedings. Confidentiality shall extend also to the settlement agreement, except where its disclosure is necessary for purposes of implementation and enforcement.

**76. Termination of conciliation proceedings—** The conciliation proceedings shall be terminated—

(a) by the signing of the settlement agreement by the parties, on the date of the agreement; or

(b) by a written declaration of the conciliator, after consultation with the parties, to the effect that further efforts at conciliation are no longer justified, on the date of the declaration; or

(c) by a written declaration of the parties addressed to the conciliator to the effect that the conciliation proceedings are terminated, on the date of the declaration; or

(d) by a written declaration of a party to the other party and the conciliator, if appointed, to the effect that the conciliation proceedings are terminated, on the date of the declaration.