**77. Resort to arbitral or judicial proceedings**— The parties shall not initiate, during the conciliation proceedings, any arbitral or judicial proceedings in respect of a dispute that is the subject-matter of the conciliation proceedings except that a party may initiate arbitral or judicial proceedings where, in his opinion, such proceedings are necessary for preserving his rights.

**78. Costs**— (1) Upon termination of the conciliation proceedings, the conciliator shall fix the costs of the conciliation and give written notice thereof to the parties.

(2) For the purpose of sub-section (1), "costs" means reasonable costs relating to—

    (a)  the fee and expenses of the conciliator and witnesses requested by the conciliator with the consent of the parties;

    (b)  any expert advice requested by the conciliator with the consent of the parties;

    (c)  any assistance provided pursuant to clause (b) of sub-section (2) of section 64 and section 68;

    (d)  any other expenses incurred in connection with the conciliation proceedings and the settlement agreement.

(3) The costs shall be borne equally by the parties unless the settlement agreement provides for a different apportionment. All other expenses incurred by a party shall be borne by that party.

**79. Deposits**— (1) The conciliator may direct each party to deposit an equal amount as an advance for the costs referred to in sub-section (2) of section 78 which he expects will be incurred.

(2) During the course of the conciliation proceedings, the conciliator may direct supplementary deposits in an equal amount from each party.

(3) If the required deposits under sub-sections (1) and (2) are not paid in full by both parties within thirty days, the conciliator may suspend the proceedings or may make a written declaration of termination of the proceedings to the parties, effective on the date of that declaration.

(4) Upon termination of the conciliation proceedings, the conciliator shall render an accounting to the parties of the deposits received and shall return any unexpended balance to the parties.

**80. Role of conciliator in other proceedings**— Unless otherwise agreed by the parties,—

    (a)  the conciliator shall not act as an arbitrator or as a representative or counsel of a party in any arbitral or judicial proceeding in respect of a dispute that is the subject of the conciliation proceedings;

(b) the conciliator shall not be presented by the parties as a witness in any arbitral or judicial proceedings.

**81. Admissibility of evidence in other proceedings—** The parties shall not rely on or introduce as evidence in arbitral or judicial proceedings, whether or not such proceedings relate to the dispute that is the subject of the conciliation proceedings,—

(a) views expressed or suggestions made by the other party in respect of a possible settlement of the dispute;

(b) admissions made by the other party in the course of the conciliation proceedings;

(c) proposals made by the conciliator;

(d) the fact that the other party had indicated his willingness to accept a proposal for settlement made by the conciliator.

*Part IV*

### SUPPLEMENTARY PROVISIONS

**82. Power of High Court to make rules—** The High Court may make rules consistent with this Act as to all proceedings before the Court under this Ordinance.

**83. Removal of difficulties—** (1) If any difficulty arises in giving effect to the provisions of this Act, the Central Government may, by order published in the Official Gazette, make such provisions, not inconsistent with the provisions of this Act as appear to it to be necessary or expedient for removing the difficulty :

Provided that no such order shall be made after the expiry of a period of two years from the date of commencement of this Act.

(2) Every order made under this section shall, as soon as may be after it is made, be laid before each House of Parliament.

**84. Power to make rules—** (1) The Central Government may, by notification in the Official Gazette, make rules for carrying out the provisions of this Act.

(2) Every rule made by the Central Government under this Act shall be laid, as soon as may be, after it is made before each House of Parliament while it is in session, for a total period of thirty days which may be comprised in one session or in two or more successive sessions, and if, before the expiry of the session immediately following the session or the successive sessions aforesaid, both Houses agree in making any modification in the rule or both Houses agree that the rule should not be made, the rule shall thereafter have effect only in such modified form or be of no effect, as the case may be; so, however, that any such modification or annulment shall be without prejudice to the validity of anything previously done under that rule.

**85. Repeal and savings—** (1) The Arbitration (Protocol and Convention) Act, 1937 (6 of 1937), the Arbitration Act, 1940 (10 of 1940) and the Foreign Awards (Recognition and Enforcement) Act, 1961 (45 of 1961) are hereby repealed.

(2) Notwithstanding such repeal,—

    (a) the provisions of the said enactments shall apply in relation to arbitral proceedings which commenced before this Act came into force unless otherwise agreed by the parties but this Act shall apply in relation to arbitral proceedings which commenced on or after this Act comes into force;

    (b) all rules made and notifications published, under the said enactments shall, to the extent to which they are not repugnant to this Act, be deemed respectively to have been made or issued under this Act.

**86. Repeal of Ordinance 27 of 1996 and saving—** (1) The Arbitration and Conciliation (Third) Ordinance, 1996 (Ord. 27 of 1996) is hereby repealed.

(2) Notwithstanding such repeal, any order, rule, notification or scheme made or anything done or any action taken in pursuance of any provision of the said Ordinance shall be deemed to have been made, done or taken under the corresponding provisions of this Act.

## THE FIRST SCHEDULE
(*See* section 44)

## CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS

### Article I

1. This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

2. The term "arbitral awards" shall include not only awards made by arbitrators appointed for each case but also those made by permanent arbitral bodies to which the parties have submitted.

3. When signing, ratifying or acceding to this Convention, or notifying extension under article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration.

### Article II

1. Each Contracting State shall recognise an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of defined legal relationship, whether contractual or not, concerning a subject-matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

3. The court of Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

### Article III

Each Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles. There shall not be imposed substantially more onerous conditions or higher fees or charges on

the recognition or enforcement of arbitral awards to which this Convention applies than are imposed on the recognition or enforcement of domestic arbitral awards.

*Article IV*

1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of the application, supply :—

(a) the duly authenticated original award or a duly certified copy thereof;

(b) the original agreement referred to in article II or a duly certified copy thereof.

2. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these documents into such language. The translation shall be certified by an official or sworn translator or by a diplomatic or consular agent.

*Article V*

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that—

(a) the parties to the agreement referred to in article II were, under the law applicable to them under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognised and enforced; or

(d) the composition of arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that—

- (a) the subject-matter of the difference is not capable of settlement by arbitration under the law of that country; or
- (b) the recognition or enforcement of the award would be contrary to the public policy of that country.

### Article VI

If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

### Article VII

1. The provisions of the present Convention shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

2. The Geneva Protocol on Arbitration Clauses of 1923 and the Geneva Convention on the Execution of Foreign Arbitral Awards of 1927 shall cease to have effect between Contracting States on their becoming bound and to the extent that they become bound by this Convention.

### Article VIII

1. This Convention shall be open until 31st December, 1958 for signature on behalf of any Member of the United Nations and also on behalf of any other State which is or hereafter becomes member of any specialised agency of the United Nations, or which is or hereafter becomes a party to the Statute of the International Court of Justice, or any other State to which an invitation has been addressed by the General Assembly of the United Nations.

2. This Convention shall be ratified and the instrument of ratification shall be deposited with the Secretary-General of the United Nations.

### Article IX

1. This Convention shall be open for accession to all States referred to in article VIII.

2. Accession shall be effected by the deposit of an instrument of accession with the Secretary-General of the United Nations.

*The Arbitration and Conciliation Act, 1996*

### Article X

1. Any State may, at the time of signature, ratification or accession, declare that this Convention shall extend to all or any of the territories for the international relations of which it is responsible. Such a declaration shall take effect when the Convention enters into force for the Sate concerned.

2. At any time thereafter any such extension shall be made by notification addressed to the Secretary-General of the United Nations and shall take effect as from the ninetieth day after the day of receipt by the Secretary-General of the United Nations of this notification, or as from the date of entry into force of the Convention for the State concerned, whichever is the later.

3. With respect to those territories to which this Convention is not extended at the time of signature, ratification or accession, each State concerned shall consider the possibility of taking the necessary steps in order to extend the application of this Convention to such territories, subject, where necessary for constitutional reasons, to the consent of the Governments of such territories.

### Article XI

In the case of a federal or non-unitary State, the following provisions shall apply :—

(a) with respect of those articles of this Convention that come within the legislative jurisdiction of the federal authority, the obligations of the federal Government shall to this extent be the same as those of Contracting States which are not federal States;

(b) with respect to those articles of this Convention that come within the legislative jurisdiction of constituent States or provinces which are not, under the constitutional system of the federation, bound to take legislative action, the federal Government shall bring such articles with a favourable recommendation to the notice of the appropriate authorities of constituent States or provinces at the earliest possible moment;

(c) a federal State Party to this Convention shall, at the request of any other Contracting State transmitted through the Secretary-General of the United Nations, supply a statement of the law and practice of the federation and its constituent units in regard to any particular provision of this Convention, showing the extent to which effect has been given to that provision by legislative or other action.

### Article XII

1. This Convention shall come into force on the ninetieth day following the date of deposit of the third instrument of ratification or accession.

2. For each State ratifying or acceding to this Convention after the deposit of the third instrument of ratification or accession, this Convention shall enter into force on the ninetieth days after deposit by such State of its instrument of ratification or accession.

### Article XIII

1. Any Contracting State may denounce this Convention by a written notification to the Secretary-General of the United Nations. Denunciation shall take effect one year after the date of receipt of the notification by the Secretary-General.

2. Any State which has made a declaration or notification under article X may, at any time thereafter, by notification to the Secretary-General of the United Nations, declare that this Convention shall cease to extend to the territory concerned one year after the date of the receipt of the notification by the Secretary-General.

3. This convention shall continue to be applicable to arbitral awards in respect of which recognition or enforcement proceedings have been instituted before the denunciation takes effect.

### Article XIV

A Contracting State shall not be entitled to avail itself of the present Convention against other Contracting States except to the extent that it is itself bound to apply the Convention.

### Article XV

The Secretary-General of the United Nations shall notify the States contemplated in article VIII of the following :—

(a) signatures and ratifications in accordance with article VIII;

(b) accessions in accordance with article IX;

(c) declarations and notifications under articles I, X and XI;

(d) the date upon which this Convention enters into force in accordance with article XII;

(e) denunciations and notifications in accordance with article XIII.

### Article XVI

1. This Convention, of which the Chinese, English, French, Russian and Spanish texts shall be equally authentic, shall be deposited in the archives of the United Nations.

2. The Secretary-General of the United Nations shall transmit a certified copy of this Convention to the States contemplated in article XIII.

*The Arbitration and Conciliation Act, 1996*                                    39

## THE SECOND SCHEDULE
*(See section 53)*

## PROTOCOL ON ARBITRATION CLAUSES

The undersigned, being duly authorised, declare that they accept, on behalf of the countries which they represent, the following provisions—

1.  Each of the Contracting States recognises the validity of an agreement whether relating to existing or future differences between parties subject respectively to the jurisdiction of different Contracting States by which the parties to a contract agree to submit to arbitration all or any differences that may arise in connection with such contract relating to commercial matters or to any other matter capable of settlement by arbitration, whether or not the arbitration is to take place in a country to whose jurisdiction none of the parties is subject.

    Each Contracting State reserves the right to limit the obligation mentioned above to contracts which are considered as commercial under its national law. Any Contracting State which avails itself of this right will notify the Secretary-General of the League of Nations in order that the other Contracting States may be so informed.

2.  The arbitral procedure, including the constitution of the Arbitral Tribunal, shall be governed by the will of the parties and by the law of the country in whose territory the arbitration takes place.

    The Contracting States agree to facilitate all steps in the procedure which require to be taken in their own territories, in accordance with the provisions of their law governing arbitral procedure applicable to existing differences.

3.  Each Contracting State undertakes to ensure the execution by its authorities and in accordance with the provisions of its national laws of arbitral awards made in its own territory under the preceding articles.

4.  The Tribunals of the Contracting Parties, on being seized of a dispute regarding a contract made between persons to whom Article I applies and including an Arbitration Agreement whether referring to present or future differences which is valid in virtue of the said article and capable of being carried into effect, shall refer the parties on the application of either of them to the decision of the Arbitrators.

    Such reference shall not prejudice the competence of the judicial tribunals in case the agreement or the arbitration cannot proceed or becomes inoperative.

5.  The present Protocol, which shall remain open for signature by all States, shall be ratified. The ratification shall be deposited as soon as possible with the Secretary-General of the League of Nations, who shall notify such deposit to all the Signatory States.

6.  The present Protocol will come into force as soon as two ratifications have been deposited. Thereafter it will take effect, in the case of each Contracting State, one month after the notification by the Secretary-General of the deposit of its ratification.

7.  The present Protocol may be denounced by any Contracting State on giving one year's notice. Denunciation shall be effected by a notification addressed to the Secretary-General of the League, who will immediately transmit copies of such notification to all the other Signatory States and inform them of the date on which it was received. The denunciation shall take effect one year after the date on which it was notified to the Secretary-General, and shall operate only in respect of the notifying State.

8.  The Contracting States may declare that their acceptance of the present Protocol does not include any or all of the undermentioned territories, that is to say, their colonies, overseas possessions or territories, protectorates or the territories over which they exercise a mandate.

    The said States may subsequently adhere separately on behalf of any territory thus excluded. The Secretary-General of the League of Nations shall be informed as soon as possible of such adhesions. He shall notify such adhesions to all Signatory States. They will take effect one month after the notification by the Secretary-General to all Signatory States.

    The Contracting States may also denounce the Protocol separately on behalf of any of the territories referred to above. Article 7 applies to such denunciation.

## THE THIRD SCHEDULE
(*See* section 53)

## CONVENTION OF THE EXECUTION OF FOREIGN ARBITRAL AWARDS

### *Article I*

(1) In the territories of any High Contracting Party to which the present Convention applies, an arbitral award made in pursuance of an agreement, whether relating to existing or future differences (hereinafter called "a submission to arbitration") covered by the Protocol on Arbitration Clauses opened at Geneva on September 24, 1923, shall be recognised as binding and shall be enforced in accordance with the rules of the procedure of the territory where the award is relied upon, provided that the said award has been made in a territory of one of the High Contracting Parties to which the present Convention applies and between persons who are subject to the jurisdiction of one of the High Contracting Parties.

(2) To obtain such recognition or enforcement, it shall, further, be necessary—

(a) that the award has been made in pursuance of a submission to arbitration which is valid under the law applicable thereto;

(b) that the subject-matter of the award is capable of settlement by arbitration under the law of the country in which the award is sought to be relied upon;

(c) that the award has been made by the Arbitral Tribunal provided for in the submission to arbitration or constituted in the manner agreed upon by the parties and in conformity with the law governing the arbitration procedure;

(d) that the award has become final in the country in which it has been made, in the sense that it will not be considered as such if it is open to opposition, appeal or *pourvoi en cassation* (in the countries where such forms of procedure exist) or if it is proved that any proceedings for the purpose of contesting the validity of the award are pending;

(e) that the recognition or enforcement of the award is not contrary to the public policy or to the principles of the law of the country in which it is sought to be relied upon.

### *Article II*

Even if the conditions laid down in Article I hereof are fulfilled, recognition and enforcement of the award shall be refused if the Court is satisfied—

(a) that the award has been annulled in the country in which it was made;

(b) that the party against whom it is sought to use the award was not given notice of the arbitration proceedings in sufficient time to enable him to present his case; or that, being under a legal incapacity, he was not properly represented;

(c) that the award does not deal with the differences contemplated by or falling within the terms of the submission to arbitration or that it contains decisions on matters beyond the scope of the submission to arbitration.

If the award has not covered all the questions submitted to the arbitral tribunal, the competent authority of the country where recognition or enforcement of the award is sought can, if it thinks fit, postpone such recognition or enforcement or grant it subject to such guarantee as that authority may decide.

### Article III

If the party against whom the award has been made proves that, under the law governing the arbitration procedure, there is a ground, other than the grounds referred to in Article I (a) and (c), and Article II (b) and (c), entitling him to contest the validity of the award in a Court of Law, the Court may, if it thinks fit, either refuse recognition or enforcement of the award or adjourn the consideration thereof, giving such party a reasonable time within which to have the award annulled by the competent tribunal.

### Article IV

The party relying upon an award or claiming its enforcement must supply, in particular—

(1) the original award or a copy thereof duly authenticated, according to the requirements of the law of the country in which it was made;

(2) documentary or other evidence to prove that the award has become final, in the sense defined in Article I (d), in the country in which it was made;

(3) when necessary, documentary or other evidence to prove that the conditions laid down in Article I, paragraph (1) and paragraph (2) (a) and (c), have been fulfilled.

A translation of the award and of the other documents mentioned in this Article into the official language of the country where the award is sought to be relied upon may be demanded. Such translations must be certified correct by a diplomatic or consular agent of the country to which the party who seeks to rely upon the award belongs or by a sworn translator of the country where the award is sought to be relied upon.

### Article V

The provisions of the above Articles shall not deprive any interested party of the right of availing himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

### Article VI

The present Convention applies only to arbitral awards made after the coming into force of the Protocol on Arbitration Clauses opened at Geneva on September 24, 1923.

*The Arbitration and Conciliation Act, 1996*                                    43

### Article VII

The present Convention, which will remain open to the signature of all the signatories of the Protocol of 1923 on Arbitration Clauses, shall be ratified.

It may be ratified only on behalf of those Members of the League of Nations and Non-Member States on whose behalf the Protocol of 1923 shall have been ratified.

Ratification shall be deposited as soon as possible with the Secretary-General of the League of Nations, who will notify such deposit to all the signatories.

### Article VIII

The present Convention shall come into force three months after it shall have been ratified on behalf of two High Contracting Parties. Thereafter, it shall take effect, in the case of each High Contracting Party, three months after the deposit of the ratification on its behalf with the Secretary-General of the League of Nations.

### Article IX

The present Convention may be denounced on behalf of any Member of the League or Non-Member State. Denunciation shall be notified in writing to the Secretary-General of the League of Nations, who will immediately send a copy thereof, certified to be in conformity with the notifications, to all the other Contracting Parties, at the same time informing them of the date on which he received it.

The denunciation shall come into force only in respect of the High Contracting Party which shall have notified it and one year after such notification shall have reached the Secretary-General of the League of Nations.

The denunciation of the Protocol on Arbitration Clauses shall entail, *ipso facto*, the denunciation of the present Convention.

### Article X

The present Convention does not apply to the colonies, protectorates or territories under suzerainty or mandate of any High Contracting Party unless they are specially mentioned.

The application of this Convention to one or more of such colonies, protectorates or territories to which the Protocol on Arbitration Clauses opened at Geneva on September 24, 1923, applies, can be effected at any time by means of a declaration addressed to the Secretary-General of the League of Nations by one of the High Contracting Parties.

Such declaration shall take effect three months after the deposit thereof.

The High Contracting Parties can at any time denounce the Convention for all or any of the colonies, protectorates or territories referred to above. Article 9 hereof applied to such denunciation.

### Article XI

A certified copy of the present Convention shall be transmitted by the Secretary-General of the League of Nations to every Member of the League of Nations and to every Non-Member State which signs the same.

44                          *The Arbitration and Conciliation Act, 1996*

### NOTES ON SECTIONS

**Section 1** provides for the short title, extent and commencement.

**Section 2** defines the various words and expressions used in Part I of the Act.

**Section 3** deals with the procedure for delivery and receipt of communication by the parties.

**Section 4** sets out the circumstances under which the right of a party to object to arbitration shall be deemed to have been waived.

**Section 5** lays down the extent of judicial intervention in arbitral proceedings.

**Section 6** provides that the parties, or the arbitral tribunal with the consent of the parties, may arrange for administrative assistance by a suitable institution or person for facilitating the conduct of arbitral proceedings.

**Section 7** lays down the requirements of an arbitration agreement.

**Section 8** provides for the power of judicial authorities to refer matters to arbitration.

**Section 9** empowers parties to apply to Court for interim measures of protection before or during arbitral proceedings.

**Section 10** provides that the parties are free to determine the number of arbitrators failing which the arbitral tribunal will consist of a sole arbitrator.

**Section 11** provides for the procedure for appointment of arbitrators.

**Section 12** provides for the grounds for challenge of an appointed arbitrator.

**Section 13** deals with the procedure for the challenge of arbitrator.

**Section 14** provides for termination of the mandate of an arbitrator under certain circumstances.

**Section 15** provides for termination of mandate and substitution of arbitrators.

**Section 16** empowers the arbitral tribunal to give ruling on its own jurisdiction.

**Section 17** empowers the arbitral tribunal to order a party to take interim measures of protection on a request being made to it.

**Section 18** provides that the parties to the arbitration shall be treated with equality and each party shall be given full opportunity to present his case.

**Section 19** provides for determination of rules of procedure for conduct of arbitral proceedings. While the arbitral tribunal is not bound by the Code of Civil Procedure, 1908 or the Indian Evidence Act, 1872, the parties are given freedom to agree on the procedure to be followed by the arbitral tribunal in conducting its proceedings.

**Section 20** deals with the question of determining the place of arbitration. While the parties are given freedom to agree on the place of arbitration, where they fail to agree, the place of arbitration will be determined by the arbitral tribunal having regard to the circumstances of the case, including the conve-nience of the parties.

**Section 21** deals with the date of commencement of arbitral proceedings.

**Section 22** deals with the language to be used in arbitral proceedings. While the parties have freedom to agree upon the language or languages to be used in arbitral proceedings. If they fail to do so, the arbitral tribunal will determine the language or languages to be used in the arbitral proceedings.

**Section 23** provides for filing of statement of claims and defence by the parties within the period of time agreed upon by the parties themselves or determined by the arbitral tribunal.

**Section 24** provides for hearings and written proceedings before the arbitral tribunal.

**Section 25** deals with the consequences of default of a party during arbitral proceedings.

**Section 26** provides for appointment of experts by arbitral tribunal.

**Section 27** provides for assistance by Courts in taking evidence.

**Section 28** deals with the rules applicable to the substance of the dispute in domestic and international arbitrations.

**Section 29** provides for decision making by arbitrators and provides that unless the parties have otherwise agreed, in all arbitral proceedings with more than one arbitrator, decision making by arbitral tribunal shall be by a majority of all its members.

**Section 30** provides for settlement of disputes during arbitral proceedings by using mediation, conciliation, etc.

**Section 31** lays down the requirements of the form and contents of arbitral award.

**Section 32** lays down the conditions and procedure for termination of arbitral proceedings.

**Section 33** empowers the arbitral tribunal to make corrections in or give interpretations of awards and for making additional awards under certain conditions.

**Section 34** deals with applications for setting aside an arbitral award.

**Section 35** provides that an arbitral award shall be final and binding on the parties and persons claiming under them subject to the provisions of Part I.

*The Arbitration and Conciliation Act, 1996*

**Section 36** provides that where the time for making an application to set aside an arbitral award has expired, or where such application has been refused by Court, the award shall be enforced as if it were a decree of the Court.

**Section 37** provides that an appeal shall lie from certain orders. No second appeal will lie from an order passed in an appeal. However, the right to appeal to the Supreme Court is not affected.

**Section 38** deals with deposits to be made by the parties in relation to arbitral proceedings. The arbitral tribunal is empowered to fix the amount of deposit or supplementary deposits as an advance for the costs of arbitration.

**Section 39** provides for the arbitral tribunal's lien on the award for any unpaid costs of arbitration.

**Section 40** provides that an arbitration agreement shall not be discharged by the death of any party.

**Section 41** provides for cases of insolvency.

**Section 42** lays down that only the Court in which an application with respect to an arbitration agreement has been made will have jurisdiction over subsequent proceedings arising out of that agreement.

**Section 43** provides that the provisions of the Limitation Act, 1963 shall apply to arbitrations as it applies to proceedings in Court.

**Section 44** defines 'foreign award' for purposes of Chapter I of Part II.

**Section 45** makes it mandatory for any judicial authority when seized of an action in a matter in respect of which an arbitration agreement subsists to refer parties to arbitration.

**Section 46** provides that a foreign award which is enforceable under Chapter I of Part II shall be binding for all purposes.

**Section 47** provides for evidence to be produced before the Court by a party seeking to enforce a foreign arbitral award.

**Section 48** lays down the conditions that are required to be satisfied for enforcement of a foreign award.

**Section 49** provides that where the Court is satisfied that the foreign award is enforceable, the award shall be deemed to be a decree of that Court.

**Section 50** provides for orders which are appealable under Chapter I of Part II.

**Section 51** saves the right of persons for enforcing any award in India which would have existed if Chapter I of Part II has not been enacted.

**Section 52** excludes applicability of Chapter II of Part II in relation to foreign awards covered by Chapter I of Part II.

*The Arbitration and Conciliation Act, 1996*                                    47

**Section 53** defines "foreign award" for purposes of Chapter II of Part II.

**Section 54** makes it mandatory for any judicial authority when seized of a dispute regarding a contract made between parties to whom clause 53 applies to refer the parties to arbitration.

**Section 55** provides that a foreign award which is enforceable under Chapter II of Part II shall be binding for all purposes.

**Section 56** provides for evidence to be produced before a Court by a party seeking to enforce a foreign arbitral award.

**Section 57** lays down the conditions that are required to be satisfied for enforcement of a foreign award.

**Section 58** provides that where the Court is satisfied that the foreign award is enforceable, the award shall be deemed to be a decree of that Court.

**Section 59** provides for orders which are appealable under Chapter II of Part II.

**Section 60** saves the rights of persons for enforcing any award in India which would have existed if Chapter II of Part II had not been enacted.

**Section 61** deals with application and scope of Part III.

**Section 62** deals with the commencement of conciliation proceedings.

**Section 63** provides for the number of conciliators to be appointed in the conciliation proceedings.

**Section 64** provides for the appointment of conciliators.

**Section 65** deals with submission of statements to conciliator.

**Section 66** provides that the conciliator is not bound by the Code of Civil Procedure, 1908 or the Indian Evidence Act, 1872 in conciliation proceedings.

**Section 67** provides for the role of conciliators assisting the parties.

**Section 68** provides that either of the parties or the conciliator with the consent of the parties can make arrangement for any administrative assistance by suitable institution or person.

**Section 69** provides for communication between the conciliator and the parties.

**Section 70** provides that the conciliator shall disclose the substance of information received from one party to the other party.

**Section 71** provides that the parties shall in good faith co-operate with the conciliator and also shall endeavour to comply with the requests of the conciliator to submit written materials, provide evidence, etc.

# LIST OF AKALANK PUBLICATIONS

- § Air (Prev. & Control of Pollution) Act & Rules
- § Arbitration and Conciliation Act, 1996
- § Arms Act, 1959 & Arms Rules, 1962
- § Atomic Energy Act, 1962
- § Atomic Energy (Factories) Rules, 1996
- § Boiler Regulations (Indian), 1950
- § Building & Other Construction Workers (Regulation of Employment and Conditions of Service) Act, 1996 & Rules, 1998
- § Central Excise Act, 1944
- § Central Sales Tax Act, 1956
- § Christian Marriage Act, 1872 (Indian)
- § Civil Accounts Manual, Compilation of
- § Code of Civil Procedures, 1908
- § Code of Criminal Procedures, 1973
- § Constitution of India (Royal/Pocket)
- § Consumer Protection Act, 1986 & Rules, 1987
- § Contract Act (Indian), 1872
- § Contract Labour (R. & A.) Act, 1970 & Rules, 1971
- § Copyright Act, 1957 and Rules, 1958
- § Criminal Manual (Royal, Pocket-PB/HB)
- § Customs Act, 1962
- § Delhi Agricultural Produce Marketing (Reg.) Act, 1998
- § Delhi Bharatiya Chikitsa Parishad Act, 1998
- § Delhi Development Act, 1957
- § Delhi Entertainments & Betting Tax Act, 1996 & Rules, 1977
- § Delhi Land Reforms Act, 1954 and Rules, 1954
- § Delhi Municipal Corporation Act, 1957
- § Delhi Nursing Council Act, 1997
- § Delhi Police Act, 1978
- § Delhi Rent Act, 1995 (Eng/Hindi)
- § Delhi Rent Control Act, 1958 & Rules, 1959
- § Delhi Sales Tax on Works Contracts Act, 1999
- § Delhi School Education Act, 1973 & Rules, 1973
- § Depositories Act, 1996
- § Descriptive Law on Pollution and Environment
- § Designs Act, 2000
- § Dowry Prohibition Act, 1961
- § Drugs & Cosmetics Act, 1940 & Rules, 1945
- § Easements Act (Indian), 1882
- § Electricity Act, 1910 (Indian)
- § Electricity Rules, 1956 (Indian)
- § Electricity (Supply) Act, 1948
- § Employees Provident Funds & Miscellaneous Provision Act, 1952; Schemes
- § Employees State Insurance Act, 1948, Central and Genral Regulations
- § Environment (Protection) Act, 1986 & Rules, 1986
- § Essential Commodities Act, 1955
- § Evidence Act (Indian), 1872
- § Explosives Act, 1884 & Rules, 1983
- § Factories Act, 1948
- § Foreign Exchange Management Act, 1999
- § Gas Cylinder Rules, 1981 & S&MPV (Unfired) Rules, 1981
- § Geographical Indications of Goods (Registration and Protection) Act, 1999
- § Hindu Law Legislation
- § Industrial Disputes Act, 1947 and Rules 1957
- § Industrial Employment (Standing Order) Act, 1946 & Rules, 1940
- § Information & Technology Act, 2000

- § Insurance Act, 1938
- § Insurance Regulatory & Development Authority Act, 1999
- § Intellectual Property
- § Life Insurance Corporation Act, 1956
- § Limitation Act, 1963
- § Mandal Commission Report of the Backward Classes Commission, 1980
- § Manual of Arms Law, 1995
- § Major Port Trusts Act, 1963
- § Medical Council Act (Indian), 1956
- § Merchant Shipping Act, 1958
- § Minimum Wages Act, 1948 & Minimum Wages (Central) Rules, 1950
- § Minimum Wages Rates for Delhi
- § Monopolies & Restrictive Trade Practices Act, 1969
- § Motor Vehicles Act, 1988
- § National Environment Tribunal Act, 1995
- § National Trust for Welfare of Persons with Autism Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999
- § Negotiable Instruments Act, 1881
- § New Delhi Municipal Council Act, 1994
- § Notaries Act, 1952 & Rules, 1956
- § Partnership Act (Indian), 1932
- § Patents Act, 1970 and Rules, 1972
- § Payment of Bonus Act, 1965 & Rules, 1975
- § Payment of Gratuity Act, 1972 & Central Rules, 1972
- § Payment of Wages Act, 1936
- § Penal Code (Indian), 1860
- § Persons with Disabilities Act, 1995 & Rules, 1996
- § Petroleum Act, 1934 and Petroleum Rules, 1976
- § Pre-Natal Diagnostic Techniques (R&P of Misuse) Act, 1994 & Rules, 1996
- § Prevention of Food Adulteration Act, 1954 & Rules, 1955; Atomic Energy Rules, 1998 and FPO, 1955
- § Probation of Offenders Act, 1958
- § Protection of Human Rights Act, 1993 & Regulations
- § Public Liability Insurance Act, 1991 & Rules, 1991
- § Railways Act, 1989
- § Registration Act, 1908
- § Reserve Bank of India Act, 1934
- § Sale of Goods Act, 1930
- § Securities and Exchange Board of India Act, 1992
- § Securities Contract (Regulation) Act, 1956
- § Societies Registration Act, 1860
- § Special Marriage Act, 1954
- § Specific Relief Act, 1963
- § Specifications (Based on CPWD) 1996
- § Stamp Act, 1899
- § Standards of Weights & Measures Act, 1976 & Packaged Commodity Rules, 1977
- § Suits Valuation Act, 1887
- § Trade Marks Act, 1999
- § Transfer of Property Act, 1882
- § Wakf Act, 1995 & Delhi Wakf Board Rules, 1997
- § Water Supply and Treatment — Manual
- § Water (Prevention and Control of Pollution) Act, 1974 & Rules, 1975
- § What Will be Delhi in 2001 : Delhi Master Plan August, 1990 (Revised), 1998
- § Workmens Compensation Act, 1923, Rules, 1924; Transfer of Money Rules

for details: email: akalank@vsnl.com; log on: www.akalank.com



IN THE COURT OF SHRI TEJWINDER SINGH,
ADDITIONAL DISTRICT JUDGE, CHANDIGARH.

IN ARBITRATION CASE NO.:- 13 of 24-7-2002.
DATE OF ORDER:-7-10-2003.

M/s. ESPN, Inc., ESPN Plaza, Bristol, Connecticut 06010-7454
United States of America.

.....Applicant.

Versus

M/s. Ishan Credits Ltd., SCF No. 13, Sector 9-D, Chandigarh.
.....Respondent.

Application for dismissal of objection application
filed by ESPN U/S. 34 of Arbitration Act.

Present:-    Mr. N.K. Nanda Adv. counsel for applicant-
             respondent.

             Mr. Rohit Khanna counsel for respondent-
             applicant.

O R D E R:-

        This order of mine will dispose of an
application filed on behalf of M/s. Ishan Credits Ltd.
whereby a prayer has been made for dismissal of
objection application filed by M/s. ESPN.

        2.    Brief facts of the application are that
ESPN has filed objections against the Award/Decree dated
3.4.2002. The applicant-respondent has got final decree/
award which is binding on both the parties and the
warrant of the attachment of properties had also been
issued by the Court of Shri J.S. Klar, Addl. District Judge,
Chandigarh and the same has been transferred to the
superior Court of Connecticut, U.S.A. for its
execution as the properties to be attached are situated
in U.S.A. The ESPN had already filed their reply before

ATTESTED
TW
Addl. Stenographer to
Addl. District & Sessions Judge
cum-M.A.C.T. Chandigarh.

=2=

the concerned Court at USA and proceedings for the final
execution of the decree/warrant of attachment of properties
are pending there. The ESPN only to delay the proceedings
has filed the objection application declining the
application for the enforcement of execution proceedings
which are already going in USA Court. The present
proceedings are only resulting in multiplicity of the
litigation as the final arbitration award alongwith the
warrant of attachment of properties which had already been
given by the Court, should be executed where the properties
are situated. As per the arbitration Act, 1996 for
enforcement of foreign award, there is no need to take
separate proceedings. In one proceeding the Court
enforcing foreign award can deal with the entire matter.

3.    The ESPN( Respondent) contested the application
tooth and nail by filing reply to this application.
Controverting the averments of the applicant-respondent,
it is inter-alia pleaded that the Court by its order dated
May 21,2003 has held that "since the application under
Section 34 qua the above-mentioned order was filed on
20.5.2002, therefore, in view of Section 36 of the
Arbitration Act, before the enforcement, objections are to
be decided". The respondent herein has not filed any
appeal against the said order dated May 21,2003 and the
said order is final and binding on the parties before this
Court. The respondent ESPN has not adopted any delaying
tactics. Infact, respondent filed its application under
Section 34 well within the period of limitation prescribed
under the Arbitration and Conciliation Act, 1996. It is the

ATTESTED

Addl. D. ... S. ... Judge
cum-M.A.C.T Chandigarh.

=3=

applicant herein  who has evaded service and sought
transfer of the award despite being aware of the
pendency of the proceedings under Section 34 before
this Court.  The question of execution of the award
can only arise once this Court adjudicates upon the
Section 34 application filed by the respondent herein.
The US Court by its order dated August 25, 2003 has
stayed the enforcement proceedings filed by Ishan Credits
Ltd.

    4.   I have heard learned counsel for the
parties and have perused the record .

    5.  In the present case,  the award was passed on
3rd of April, 2002 by Shri H.L. Randev, District &
Sessions Judge (Retired) the sole arbitrator.  The said
award was passed ex parte against M/s ESPN.  Since as
per Arbitration Act, 1996, there was no need to  make the
same to be the rule of the Court,  therefore,  treating
the same to be a decree, Shri J.S. Klar, Addl. District
Judge, Chandigarh transferred the execution file filed
by M/s. Ishal Credits to America as  all the properties
of the judgment debtor was in America and no property
was owned by E.S.P.N. in India.  Vide order dated
21.4.2003, Shri J.S. Klar, Addl. District Judge,
Chandigarh in view of the affidavit filed by the
Decree Holder to the effect that Judgment Debtor
has no property within the territorial jurisdiction
of the said Court ordered the decree to be transferred
to America by giving  Non Satisfaction Certificate unc

ATTESTED

Steno
Addl. District & Sessions Judge
cum-M.A.C.T Chandigarh.

=4=

the Rules. It was further ordered that copy of the
Order be sent to the Superior Court of Connecticut,
America with a copy of decree and of any order which may
have been made for the execution of the same.

6. As per applicant, the said award was sent
through proper channel. First of all, the same was
certified by the Deputy Commissioner, Chandigarh and then
the same was forwarded to Ministry of External Affairs,
Govt of India, who finally notified the award and
forwarded the same to the superior courts connecticut
America for enforcement. As per applicant, he fulfilled
all the conditions as inshrined in Section 48 of the
Arbitration Act for enforcement of Foreign award.

7. Learned counsel for applicant has relied upon
an authority titled as <u>Fuerst Day Lawson Ltd. Vs. Jindal
Exports Ltd. (2001) 6 SCC 356</u> wherein it has been held that
for enforcement of a foreign award, there is no need to
take separate proceedings. In one proceeding the Court
enforcing a foreign award can deal with the entire matter.

8. A perusal of the case file shows that on
receipt of enforcement proceedings the ESPN submitted
their reply with the Court Connecticut America with all
relevant objections. A request was also made to the Court
in America for staying the proceedings. A copy of the
representation made before the District Court of
Connecticut America shows that ESPN had claimed stay
on the ground till the pendency of the outcome of
parallel proceedings currently on going in India. All
this goes to show that M/s ESPN has taken relevant

ATTESTED

=3=

objections in the Court of Connecticut in America where
execution proceedings are pending and  in this Court. The
record on the file shows that application for execution
of award dated 3.4.2002 was filed on 16.4.2002 in the
Court of Shri J.S. Klar.  Lateron, the present objection
petition was filed on 21.5.2002, which was entrusted to
the predecessor officer of this Court.  Since the
application for execution of award was filed prior to in
time i.e. 16.4.2002 and which was lateron transferred to
America through proper channel, therefore, the objections
filed in this Court at this stage are not tenable, because
similar objections have already been filed in the Court of
Connecticut in America.  The  parallel proceedings in the
given circumstances cannot be allowed to be continued.
Since the decree has already been transferred by the
Court of Shri J.S. Klar, Addl. District Judge,Chandigarh
to America by giving non-satisfaction certificate and
as the award was duly notified by the Govt. of India and
was sent to America through Ministry of External Affairs,
Govt. of India, therefore, the objections, which were
filed lateron in this Court cannot be allowed to be
continued in this Court.  Since the execution proceedings
alongwith relevant objections filed by ESPN are pending
in America, therefore, this objection petition cannot be
entertained by this Court and if so advised, the objector
may file additional objections in the Court of  Connecticut
in America. Even otherwise, this petition which has been
filed by Mr. Vijay Rajput through Shri K.Ganpathy and Rohit
Khanna Advocates have not made Shri  K.L.  Randev,

ATTESTED

=6=

Retired District & Sessions Judge as a party.   Since
award  dated 3.4.2002 was passed by Shri H.L. Randev and
as several objections have been raised against
proceedings conducted by him, therefore, he was a
necessary party being the sole arbitrator to settle
the matter in dispute.

9.  In view of the detailed discussion made above,
the application filed by M/s. Ishan Credits Ltd. is
partly allowed with the observation that  the objection
petition filed by M/s ESPN is rejected and ordered to be
returned to the  objector with an option (also advised)
to present the same  in  the  Court of Connecticut,
America, where the execution proceedings sent by the
Court of Shri J.S.  Klar, Addl. District Judge,
Chandigarh are already pending.


Pronounced:-                              sd/-
OCTOBER 7,2003.                    ( TEJWINDER SINGH)
                                  ADDITIONAL DISTRICT JUDGE,
                                       CHANDIGARH.

    "ALL THE SIX PAGES HAVE BEEN SIGNED BY ME"

                                          sd/-
DATED:-7-10-2003.                  ( TEJWINDER SINGH)
                                  ADDITIONAL DISTRICT JUDGE,
                                       CHANDIGARH

CERTIFIED TO BE TRUE COPY

No. & date of application   7-10-2003
Date of pronouncement
of judgement               7-10-2003
Date                       7-10-2003
Judgement
Name                       N.K. Nanda
Court fee                  30-00